---

(Nos. 12860-12883-12898-12908-12909-12919.—Judgments affirmed.)
THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* EDWARD O'DONNELL, Plaintiff in Error.—THE PEOPLE *vs.* JOSEPH BRESNAHAN.—THE PEOPLE *vs.* LEONARD BANKS *et al.*—THE PEOPLE *vs.* FRANK BENDER.—THE PEOPLE *vs.* JAMES GALLAGHER.—THE PEOPLE *vs.* JOHN BOONE.

*Opinion filed December 17, 1919—Rehearing denied Feb. 4, 1920.*

1. CRIMINAL LAW—*when defendants are not entitled to have term of imprisonment fixed by the jury.* Defendants convicted of crimes not enumerated in section 1 of the Parole act of 1917 are not entitled to have the jury fix the term of imprisonment but are subject to indeterminate sentence by the court. (*People* v. *Doras,* 290 Ill. 188, followed.)

2. SAME—*effect where crime was committed before Parole act of 1917 took effect.* The fact that the crime of robbery for which a defendant is convicted after the Parole act of 1917 took effect was committed before that time does not entitle him to have the jury fix his punishment nor render an indeterminate sentence imposed by the court invalid on the ground that the defendant, under the statute relating to repeals, was deprived of his right to elect to have his sentence fixed under the act of 1899, as both acts provide for an indeterminate sentence for robbery.

3. SAME—*what is mere surplusage and not error in sentence.* A recital in a sentence under the Parole act of 1917 that the defendant shall be imprisoned in the penitentiary until discharged "by the board of pardons" is not error but is mere surplusage, as the powers and duties of the board of pardons have been conferred upon the department of public welfare.

DUNN, C. J., and CARTWRIGHT and DUNCAN, JJ., dissenting. THOMPSON, J., specially concurring.

WRITS OF ERROR to the Criminal Court of Cook county and the Circuit Court of Schuyler county; the Hon. GEORGE KERSTEN, Judge, presiding in Nos. 12860 and 12898, the Hon. ROBERT E. CROWE presiding in No. 12883, the Hon. THEODORE BRENTANO presiding in No. 12908, the Hon. HUGO PAM presiding in No. 12909, and the Hon. GUY R. WILLIAMS presiding in No. 12919.

O'DONNELL & TOOLEN, W. W. O'BRIEN, JOHN M. LON-ERGAN, THOMAS E. SWANSON, and CHARLES P. R. MACAU-LAY, for plaintiffs in error.

EDWARD J. BRUNDAGE, Attorney General, MACLAY HOYNE, State's Attorney, CHARLES F. MANSFIELD, and ED-WARD C. FITCH, (EDWARD E. WILSON, of counsel,) for the People.

Mr. JUSTICE STONE delivered the opinion of the court:

The cause entitled People *vs.* Edward O'Donnell, plaintiff in error, comes to this court by a writ of error to the criminal court of Cook county, in which the plaintiff in error was on March 3, 1918, found guilty by a jury under an indictment charging him with receiving stolen property on December 5, 1917, of the value of $1765. Motion in arrest of judgment was denied by the trial court and an indeterminate sentence to the penitentiary at Joliet was imposed.

The cause entitled People *vs.* Joseph Bresnahan, plaintiff in error, comes to this court by a writ of error to the criminal court of Cook county, in which plaintiff in error

on January 6, 1919, pleaded guilty to an indictment to a charge of larceny of goods valued at $300, alleged to have been committed on July 5, 1918. After explaining to the plaintiff in error the consequences of such a plea the trial court imposed an indeterminate sentence to the penitentiary.

The cause entitled People *vs.* Leonard Banks and Frank Bender, plaintiffs in error, comes to this court by a writ of error to the criminal court of Cook county, in which plaintiffs in error were on March 23, 1918, found guilty by a jury under an indictment charging robbery with a dangerous weapon, committed on December 5, 1917. Motion in arrest of judgment was denied by the trial court and an indeterminate sentence to the penitentiary was imposed.

The cause entitled People *vs.* Frank Bender, plaintiff in error, comes to this court by a writ of error to the criminal court of Cook county, in which plaintiff in error pleaded guilty on December 28, 1917, to an indictment charging him with having burglar's tools unlawfully in his possession on September 30, 1917. Motion in arrest of judgment was denied by the trial court and an indeterminate sentence to the penitentiary was imposed.

The cause entitled People *vs.* James Gallagher, plaintiff in error, comes to this court by a writ of error to the criminal court of Cook county, in which plaintiff in error pleaded not guilty to an indictment charging him with having committed the crime of robbery with a dangerous weapon, on April 7, 1917. A trial was had before a jury, who on September 14, 1917, found him guilty of the crime charged. Motion in arrest of judgment was denied and an indeterminate sentence to the penitentiary was imposed on January 5, 1918.

The cause entitled People *vs.* John Boone, plaintiff in error, comes to this court by a writ of error to the circuit court of Schuyler county, in which the plaintiff in error was on April 24, 1918, found guilty by a jury under an indictment charging burglary committed on August 15, 1917.

Plaintiff in error was on April 26, 1918, sentenced to imprisonment in the penitentiary "until discharged by the State Board of Pardons, as authorized and directed by law, provided such imprisonment shall not exceed the maximum term of twenty years nor be less than the minimum term of one year, as provided by law for the crime."

Separate writs of error were issued in the above entitled causes and the cases are consolidated in this court for the purposes of hearing and determination, a separate judgment, however, to be entered in each case.

Numerous assignments of error are made on the record of each case. The only error urged here, however, except the errors in the Gallagher and Boone cases hereinafter noted, arises on the sentences imposed. The assignment of error in each of the foregoing cases is, that the trial court erred in imposing indeterminate sentences to the penitentiary under the Parole act of 1917, it being the contention of each plaintiff in error that the punishment in his case should have been fixed by the jury. This question was raised in the case of *People* v. *Doras, 290* Ill. 188, and was there decided adversely to the contention of plaintiffs in error herein. The decision in that case is controlling here and the contention of plaintiffs in error cannot obtain.

In People *vs.* Gallagher it is further urged by plaintiff in error that since the crime of which he stands convicted was committed on April 7, 1917, before the Parole law of 1917 went into effect, the jury for that reason should have fixed a term of imprisonment by their verdict, and not having done so, the plaintiff in error was deprived of his right of election, under section 4 of chapter 131 of our statutes, relating to repeals, to serve a sentence for a definite term fixed by the jury or to elect to be sentenced under the indeterminate sentence provided by the Parole law of 1917, and since the jury did not fix his punishment the court was thereby deprived of the power to give him a determinate sentence. This contention is without merit.

The Parole law of 1899, which was in force at the time of the commission of the offense in question, applied to the crime of robbery, and under its terms Gallagher would have been sentenced to an indeterminate term of imprisonment. There is no change regarding the sentence for the crime of robbery under the Parole act of 1917 and no change in the Criminal Code affecting the minimum term, therefore had Gallagher been given the opportunity to elect under which law he should be sentenced there would be nothing to elect, as both laws provided the same sentence.

In People *vs.* Boone the plaintiff in error urges that the sentence imposed upon him, to-wit, that he be imprisoned in the penitentiary until discharged by the board of pardons, was error, for the reason that the former Parole law had, at the time of the imposition of the sentence, been repealed by the act of 1917, and there was therefore no board of pardons in existence. Section 35 of the act entitled "An act in relation to the civil administration of the State government and to repeal certain acts therein named," approved March 7, 1917, abolished the board of pardons, and its duties and powers were by paragraph 9 of section 53 of said act conferred upon the department of public welfare. Section 7 of the Parole act of 1917 provides: "The said department of public welfare shall have power, and it shall be its duty, to establish rules and regulations under which prisoners in the penitentiary * * * may be allowed to go on parole outside of the penitentiary," etc. If it could be successfully urged,—which we do not concede,— that this provision in the judgment of the trial court regarding discharge by the board of pardons is a material part of the sentence of plaintiff in error, the provision of the civil administration code above referred to, shows that the powers and duties of the board of pardons have been by that act conferred upon the department of public welfare. Section 2 of the Parole act of 1917 also provides: "It shall be deemed and taken as a part of every such

sentence, as fully as though written therein, that the term of such imprisonment or commitment may be terminated earlier than the maximum by the department of public welfare, by and with the approval of the Governor." It will be seen, therefore, that the recital in the judgment of the trial court with reference to the board of pardons was but surplusage and in no way affected the validity of that judgment.

There appearing to be no error in the records of the several cases here submitted, the judgments of this court are as follows: In People *vs.* O'Donnell the judgment is affirmed. In People *vs.* Bresnahan the judgment is affirmed. In People *vs.* Banks and Bender the judgment is affirmed. In People *vs.* Bender the judgment is affirmed. In People *vs.* Gallagher the judgment is affirmed. In People *vs.* Boone the judgment is affirmed.          *Judgments affirmed.*

DUNN, C. J., and CARTWRIGHT and DUNCAN, JJ., dissenting.

Mr. JUSTICE THOMPSON, specially concurring:

I agree with the conclusion reached in *People* v. *Doras,* on which these decisions are based, but I do not agree with all that is said in the opinion. In my opinion all sentences under the Indeterminate Sentence act are for the maximum term provided by law, and the convict has no right to demand that he be discharged before the expiration of such maximum term. The only constitutional limitation on the power of the legislature to fix punishment for crime is that "all penalties shall be proportioned to the nature of the offense." Because the executive department of the State is given authority to commute the sentence imposed by the courts under the law it by no means follows that the convict has any right to demand this executive clemency. I think the Parole act is a proper exercise of legislative authority and in no way deprives any person of rights guaranteed by the State or Federal constitution.