THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* MORTIMER ELLIOT, Defendant.

Court of General Sessions, New York County, June 20, 1931.

Thomas C. T. Crain, District Attorney [John McDermott, Assistant District Attorney, of counsel], for the plaintiff.

Defendant in person.

FRESCHI, J.   The defendant asks an order of this court for a " resettlement of the judgment of conviction and sentence imposed * * * by Judge Joseph L. Mulqueen on the 24th day of October, 1928, so as to include the terms of said judgment and sentence."

On October 10, 1928, the defendant was convicted in this court of the crime of grand larceny in the first degree, and was sentenced to imprisonment in State prison for a term of not less than five years but not more than ten years, with the proviso that the defendant serve but two and one-half years in the event he repays the sum of $2,000 to the complainant in the case.   The commitment, however, did not contain this proviso.

The Appellate Division of the Supreme Court, First Department, unanimously affirmed said conviction.   (See People v. Elliot, 228 App. Div. 624.)

The defendant has conceded on the argument of this motion that at no time since his incarceration has he, or any one on his behalf, made any restitution in whole or in part.

Upon reading the printed record on appeal from the conviction herein, I find that the court said in part: " This Court is not a collection agency.   It never was intended to be.   Zimmermann was unfortunate enough to meet this man and he stripped him of every penny he had in the world.   I am asked to think of his wife.   I am thinking of Mrs. Zimmermann.   When he was convicted, he spoke of restitution and I said ' You will go to State Prison whether you make restitution or not,' and I am going to send him to State Prison for five to ten years, but if, during that time Zimmermann gets his money back, there might be considered an application, but that is not a promise.   He ought to serve two and one-half years at least.   * * *   That is being as lenient as possible.   I cannot be any more lenient than that.   I offer him two and a half years off that, if he pays the money back.   If not, he will stay the whole five years.   The sentence of the court is that he be confined in State Prison for not less than five nor more than ten years."   This conclusively establishes that the defendant was formally sentenced to be confined and to serve in State prison not less than five nor more than ten years.

I am of the opinion that this sentence cannot be altered or modified by me and that the relief, if any is to be granted the defendant, must come from the hand of the Chief Executive

authority in the State (the Governor), who has the power to commute the sentence.

The defendant had his case reviewed by the Appellate Division; and since then he has sought relief in many other ways in the courts. He also applied for a mandamus which was denied; that order was affirmed by the Appellate Division and leave to appeal to the Court of Appeals was denied by Chief Judge CARDOZO of that court. (See certificate dated May 28, 1931.)

Once a commitment ordering the confinement of the defendant in a penal institution pursuant to conviction is issued and the term of imprisonment has actually started, this court is without power to recall such commitment or to increase or modify the judgment pronounced, unless it be in those cases where by law the same term of the court is authorized to change the judgment, or where it is illegal, or where it is done to correct a mistake  On the right of the court to have a defendant returned for final disposition after the imprisonment has begun, see *People ex rel. Paris* v. *Hunt* (201 App. Div. 575; affd., 234 N. Y. 558). (See, also, *U. S.* v. *Benz*, 282 U. S. 304.) In the *Benz* case a Federal District Court which had imposed a sentence of imprisonment upon a defendant in a criminal case was held to have power, during the same term of court, to amend the sentence by shortening the term of imprisonment, although the defendant already had been committed and had entered upon service of his sentence. And the Supreme Court ruled therein that this was a judicial act and not an interference with an executive function by usurping the pardoning power of the Executive. However, since that is a Federal precedent, it may be questioned that the same rule should apply to the State courts.

This court had the power to defer the imposition of judgment. The right of the court to impose the sentence under which this defendant is now in penal servitude cannot be successfully challenged; and the matters or conditions stated in connection with relieving the defendant from serving a certain part thereof must be regarded as surplusage, and is a clear indication that the judge imposing such sentence might make a recommendation if restitution were made for the clemency of the Governor.

I find no reason or authority to modify the judgment imposed by my learned predecessor in this case. This defendant has had his day in court on the merits of his case and had an opportunity to question the validity of the sentence, and, therefore, this motion must be denied.

Ordered accordingly.