**CARROLLO v. UNITED STATES.**

No. 12713.

Circuit Court of Appeals, Eighth Circuit.
April 17, 1944.

See also, D.C., 30 F.Supp. 3.

J. Randolph Lasson, of Kansas City, Mo., for appellant.

David Thompson, Asst. U. S. Atty., of Kansas City, Mo. (Maurice M. Milligan, U. S. Atty., and Thomas A. Costolow, Asst. U. S. Atty., both of Kansas City, Mo., on the brief), for appellee.

Before GARDNER, WOODROUGH, and VAN VALKENBURGH, Circuit Judges.

GARDNER, Circuit Judge.

This is an appeal from an order denying appellant's motion to vacate and set aside a judgment and sentence entered by the trial court on the 20th day

of October, 1939, adjudging appellant guilty of an attempt to defeat and evade a part of his income tax as charged in an indictment to which appellant had entered a plea of guilty. We shall hereafter refer to appellant as defendant. On defendant's plea of guilty, he received the following sentence:

"Ordered and Adjudged, that the defendant, having been found guilty of said offenses, is hereby committed to the custody of the Attorney General for imprisonment in an institution of the penitentiary type to be designated by the Attorney General or his authorized representative for the period of three (3) years on count 3, to be served consecutively with the sentences imposed in cases 14578 and 14581, three (3) years on count 4 to be served concurrently with the sentence imposed on count 3, without costs, *provided, however, that if before the expiration of the present, April, 1939 Term of this Court the defendant shall pay to the United States the income taxes due for the years 1937 and 1938, the interest thereon, and the civil penalties imposed by law in connection therewith, or such lesser amount as shall be acceptable to ultimately responsible officials of the Internal Revenue Department, or upon arrangements therefore satisfactory to those officials, then and in that event the sentence in this case will be modified from three years' imprisonment as to each count to imprisonment in an institution of the penitentiary type for a period of one year as to each count, and that said defendant be further imprisoned until said defendant is otherwise discharged as provided by law.*" [Italics supplied.]

This sentence was entered during the April, 1939, term of the United States District Court at Kansas City. The first day of the next succeeding term of that court was November 6, 1939. Before the expiration of the April, 1939, term, defendant secured an order extending the April, 1939, term of court for the purposes of his case for a period of 180 days from Saturday, November 4, 1939, "solely for the purpose of making an order within the term as extended, modifying the sentence in the event any one of the conditions set out in the original sentence and judgment shall be satisfied within the said period of one hundred and eighty (180) days." Defendant did not, before the expiration of the term of court as extended, pay to the United States the income taxes due for the years 1937 and 1938, nor make a satisfactory settlement of said taxes with the Internal Revenue Department for said years.

Nearly four years subsequent to the date of sentence, defendant, by his counsel, filed motion to vacate both the judgment sentencing him and the order extending the term of court at which he was sentenced on the grounds that (1) the sentence so imposed was not in strict accordance with the penalty statute; (2) the sentence was a contingent one in that the serving of the three year sentence was contingent upon defendant's failure to make a satisfactory settlement within the 180 days from November 4, 1939; (3) the sentence was a conditional one in that the three year sentence was bottomed upon the condition only, in the event that defendant should fail to make a satisfactory settlement with the Internal Revenue Department within the time limited; (4) the order and judgment gave defendant the option as to what sentence he wished to serve, i. e., the greater, three years, or the lesser, one year, and optional sentences are contrary to law; (5) the order and judgment constituted an imprisonment for debt; (6) the order enlarging the April term from November 4, 1939, was in effect judicial legislation. In support of his motion his counsel made affidavit that prior to the time of the submission of the motion, but not until after the expiration of the 180 days, he had made a satisfactory settlement with the Internal Revenue Department for payment of all unpaid income taxes for the years 1937 and 1938. The motion being denied, defendant prosecutes this appeal, seeking reversal on substantially the same grounds urged in support of his motion in the trial court.

The indictment in this case charged the defendant with violation of Section 145, Title 26 U.S.C.A. Int.Rev.Code, which reads in part as follows:

"* * * and any person who willfully attempts in any manner to evade or defeat any tax imposed by this chapter or the payment thereof, shall, in addition to other penalties provided by law, be guilty of a felony and, upon conviction thereof, be fined not more than $10,000, or imprisoned for not more than five years, or both, together with the costs of prosecution."

■■ The validity of the indictment is not questioned, and the trial court confessedly had jurisdiction both of the of-

'fense and of the defendant. Unless the judgment is a nullity in whole or in part, the power of the trial court over it ceased at the end of the term, except for purposes of enforcement. Gilmore v. United States, 8 Cir., 131 F.2d 873. If, however, the judgment as entered was void in whole or in part, then the court entering it retained jurisdiction and might, even after the expiration of the term at which it was entered, correct or vacate it and enter a new sentence in conformity with the law. Holiday v. Johnston, 313 U.S. 342, 550, 61 S. Ct. 1015, 85 L.Ed. 1392. Thus, it is generally held that where a sentence is void as a matter of law for reasons appearing upon its face, the court may, even after the expiration of the term at which it was· entered, correct the sentence. Garrison v. Reeves, 8 Cir., 116 F.2d 978; Bugg v. United States, 8 Cir., 140 F.2d 848.

■ It is therefore necessary to consider whether the judgment as entered in this case was void. Defendant bottoms his argument of invalidity on the claim that the sentence was not in strict accordance with the statute in that it was contingent or conditional. The judgment sentenced defendant for a definite period. It then recites that if, before the expiration of the term of court at which it was entered, defendant should make satisfactory settlement with the Government for his income tax delinquencies then and in that event the court would modify the judgment by reduction of the sentence. Defendant did not make settlement during the term specified nor during the term as extended. The offer of modification embodied in the judgment was no part of the sentence and did not purport to be. The court, instead of putting this offer in the judgment, might well have stated it orally to the defendant in open court. This phrase in the judgment added nothing to and subtracted nothing from the judgment. It was readily separable from it and was in no way prejudicial to the defendant. The words did not change the rest of the sentence. They were unnecessary expressions and should be treated as surplusage. People v. Elliott, 140 Misc. 685, 251 N.Y.S. 458; Morgan v. Adams, 8 Cir., 226 F. 719; Estes v. State, 18 Ala.App. 606, 93 So. 217; People v. O'Donnell, 291 Ill. 178, 125 N.E. 723; Ex parte Jennings, 46 Idaho 142, 267 P. 227; People v. Siracusa, 275 Ill. 457, 114 N.E. 133; People ex rel. Holton v. Hunt, 217 App.Div. 428, 216 N.Y.S. 765.

In Morgan v. Adams, supra, this court considered the contention that a sentence was void because it contained provision that the sentence as to imprisonment be suspended during good behavior. In the course of the opinion it is said [226 F. 721]:

"Even if the order of suspension is embodied in the judgment which imposes the sentence, nevertheless the sentence is authorized and valid, while the order of suspension is unauthorized and void, and, as the latter is separable from the former, the latter falls, while the sentence stands."

In People v. Elliott, supra, the trial court in passing sentence remarked that he would relieve defendant from part of the sentence on restitution. This phrase was held to be surplusage.

■■ So long as the term of court continued, it was within the power of the court to modify the judgment and shorten the sentence (United States v. Benz, 282 U.S. 304, 51 S.Ct. 113, 75 L.Ed. 354), and that is all the court offered to do. There was no contingency about the sentence as entered. It was positive, definite and certain. The only uncertainty was whether during the term the court might, as it had authority to do, modify it. It was not so modified but remained unchanged, and with the expiration of the term as extended it passed beyond the control of the court. The sentence is not excessive under the law and hence, the jurisdiction of the court can not be invoked on that ground. The judgment being valid on its face, it was not in the power of the trial court to vacate or amend it after the expiration of the term at which it was entered.

■■ The claim that the sentence constitutes an imprisonment for debt is not argued in the defendant's brief and hence, is abandoned. We have, however, considered the contention and are of the view that it is wholly without merit.

■ It remains to consider the contention that the order extending the term for the purposes of this case was in effect an attempt at judicial legislation and void. The only purpose of this order was to retain jurisdiction of the case after the expiration of the term and this was its only effect. The jurisdiction thus retained by the court, however, was not exercised so that the question is purely academic and immaterial.

The order appealed from is therefore affirmed.

WOODROUGH, Circuit Judge (dissenting).

I think there has been injustice to this appellant which should not be sanctioned. At the time he came up for sentence for his crime of income tax evasion, the court gave him to understand that if he paid up his tax in the amount to be agreed on with the tax officers his sentence would be one year in the penitentiary, otherwise he would be confined for three years. He was then taken in charge and sent to the penitentiary on other sentences to be served first, but through his wife the money in an amount exceeding twenty thousand dollars was raised and paid over as soon as the tax officers indicated their agreement. After the payment had been induced in that way the court reached the conclusion that its journal entry of sentence for the tax evasion constituted an absolute sentence of three years imprisonment, and that the term of court having lapsed the court was without power to do anything about it. Of course, if a man is mistakenly ordered hanged and is hanged the sequitur is obvious, but here the time has not come for appellant to even begin to serve a sentence, and the reasons adduced for the conclusion and for subjecting appellant to three years imprisonment instead of the one year that was in the judge's mind if the tax was paid, do not appeal to me.

The journal entry of the court claimed to show a three year sentence is set forth in the majority opinion and need not be repeated. I am not impressed with the argument that the journal entry can be split up and read as two pronouncements so as to spell out an absolute three year sentence in the part preceding "provided, however", and a conditional promise to modify that sentence in the part that follows those words, leaving the words "provided, however", with no significance at all. I am sure there were not two pronouncements. There was a single pronouncement of two alternatives conjoined by "provided, however." I recognize that where a valid sentence has been passed at one term it may not be re-examined at a subsequent one, but I think there was no valid sentence here for the tax crime.

I think it self evident that a district judge can not pronounce a valid sentence under the criminal statute until he makes up his mind what punishment to inflict on the convict. The journal entry of sentence here, no matter how it is parsed, or what may be thought of its propriety, shows on its face that at the time the judge entered it he had not made that determination. It shows his mind was not made up, whether the appellant had to suffer three years imprisonment for his crime, or only one. The "provided, however" in the middle of the journal entry demonstrates that the entry was made in contemplation of conditions which would decide the judge in the future on the term of imprisonment. It shows the judge attempted to sentence ahead of finally settling upon the punishment to fit the crime. Therefore it evidences no valid final judgment under the criminal statute. I think the appellant's motion to set it aside and to enter a sentence according to law, although made after the term, should have been complied with. The payment of the large sum of money to the government induced by the peculiar form of the journal entry can not be undone, but the faith of men of ordinary understanding can and ought to be preserved.