THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* JAMES GILLIGAN, Defendant.

Court of General Sessions of County of New York, October 8, 1946.

*John P. Sweeney* for defendant.

*Frank S. Hogan, District Attorney (Edward T. Perry* of counsel), for plaintiff.

BOHAN, J. The defendant herein questions the validity of the sentence of the court. On August 17, 1931, he having been convicted of robbery in the first degree as a second offender, received the determinate sentence of thirty years (twenty-five years for robbery and five years for having been armed with a gun). He now maintains he should have been sentenced to life imprisonment under section 1941 of the Penal Law and section 2125 of the Penal Law.

The punishment for robbery in the first degree in May of 1931 was for not less than fifteen years (Penal Law, § 2125, as amd. by L. 1926, ch. 436) and punishment as a second offender was stated in section 1941 of the Penal Law (as amd. by L. 1926, ch. 457) to be as follows: " If the subsequent felony is such that, upon a first conviction, the offender would be punishable by * * * any term less than his natural life, then such person must be sentenced to imprisonment for a term not less than the longest term, nor more than twice the longest term, prescribed upon a first conviction.''

Section 2191 of the Penal Law states that '' When a crime is declared by statute to be punishable by imprisonment for not

less than a specified number of years, and no limit of the duration of the imprisonment is declared, the court authorized to pronounce judgment upon conviction may, in its discretion, sentence the offender to imprisonment during his natural life, or for any number of years not less than the amount prescribed.''

It has been held that a person convicted of robbery in the first degree as a second offender and sentenced to a definite sentence of twenty-five years, has received a legal sentence. (*People* v. *Sobierajski,* 224 App. Div. 227.)

It has also been held that a defendant similarly convicted of robbery in the first degree as a second offender and sentenced to life imprisonment has also received a legal sentence (*People* v. *Irwin,* 292 N. Y. 608), the court holding that it had the power in its discretion to impose a life sentence and it exercised such discretion.

Since it is the law of this State that a legal sentence which has been put into execution cannot be modified, amended or revised in any way (*Matter of Cedar,* 240 App. Div. 182, affd. 265 N. Y. 620; *People* v. *Thuna,* 266 App. Div. 223), and since the defendant has received a legal sentence (*People* v. *Sobierajski, supra*), the defendant's application must be denied.