THE PEOPLE OF THE STATE OF NEW YORK ex rel. HERBERT J. QUIGLEY, Relator, against WILLIAM G. MARSDEN, as Superintendent of Onondaga County Penitentiary, Defendant.

Supreme Court, Equity Trial Term, Onondaga County, December 23, 1946.

*A. Fairfax Montague* for relator.

*William H. Bowers, District Attorney* (*Erna E. Hoffman* of counsel), for defendant.

SEARL, J. This is the return of a writ of habeas corpus. Relator, by a commitment issued by a judge of Children's Court of Delaware County, dated November 6, 1946, was committed to the care and custody of the defendant, Superintendent of the Onondaga County Penitentiary, for a term not exceeding three months. Upon the return of the writ, relator had already served forty-two days. The commitment is attacked

as defective in that it is for an indefinite term and is ineffectual to continue the prisoner in custody any length of time; that the superintendent, thereby, might properly discharge the prisoner one day after incarceration, and that such a sentence confers judicial powers upon the superintendent and is void.

In support of this contention, relator cites *People ex rel. Johnson* v. *Webster* (92 Hun 378).

Section 470-a of the Code of Criminal Procedure provides, in part: " * * * that the imprisonment directed by the judgment shall not be suspended or interrupted after such imprisonment shall have commenced."

In other words, the court of original jurisdiction loses jurisdiction once the imprisonment is commenced.

Relator would be entitled to an order sustaining the writ were it not for the fact that the Legislature amended the Children's Court Act by chapter 810 of the Laws of 1942. Section 30 enlarged the jurisdiction of the court " In addition to the powers prescribed by section six of this chapter ". Section 6 provided among other things: (subd. 2, par. [c]) " Any violation of any order made pursuant to the provisions of this section shall be punishable as a misdemeanor as provided by law, but the court may, in its discretion, proceed with and adjudicate upon it as a contempt of court, and it shall not be necessary to serve a copy of the order or make a demand for any payment directed by said order."

When the act was amended by chapter 810 of the Laws of 1942, the " Powers " granted to the court, " In the exercise of its jurisdiction ", in addition to those enumerated in section 6, the following (§ 30-a): " 11. To commit to jail for a term not to exceed six months a person who fails to obey the lawful orders of the court. * * * 13. To release on probation or otherwise prior to the expiration of the full term, a person committed to jail for failure to obey an order of the court * * *. 15. To remand for not more than five days for purposes of investigation, to admit to bail, and to parole on his own recognizance or in custody of counsel, a person charged with non-support. * * * 20. To punish any person guilty of a contempt of the court * * *."

These are only some of the powers conferred. They are sufficient not only to dispose of the present issue, but to point out the almost unlimited authority of a judge of Children's Court. So broad in fact are the powers as to almost astound, were not such broad powers required by the multitudinous and complex situations that of necessity arise in the support of infants.

Argument on the instant question has disclosed the fact that the forms of commitments in the various counties are by no means uniform. Clothed as the courts are with such broad powers, this court hazards the suggestion that a uniform type of commitment be adopted by the various counties. This should simplify the procedure of the Children's Court and aid the Supreme Courts and appellate courts in the disposition of matters arising for determination.

Because of the amendment of 1942, the principle set forth in *People ex rel. Johnson* v. *Webster* (92 Hun 378, *supra*) as to an indefinite sentence, does not apply in the instant case. The writ is dismissed.