THE PEOPLE OF THE STATE OF NEW YORK ex rel. SAMUEL WARSHAW, Relator, against MILTON KLEIN, as Warden of Penitentiary of the City of New York, Rikers Island, Defendant.

Supreme Court, Special Term, Bronx County, April 23, 1948.

H. A. Lowenberg for relator.

Samuel J. Foley, District Attorney (John B. Lee of counsel), for defendant.

EDER, J. Writ dismissed and relator remanded. The relator pleaded guilty on December 15, 1947, in the Court of Special Sessions, to a misdemeanor and was sentenced to be imprisoned in the workhouse of the city of New York for a term of six months. On March 9, 1948, he moved in said Court of Special Sessions to change the place of commitment from the workhouse to the city penitentiary; the application was granted and it is alleged that said court ordered that the commitment to the workhouse be returned to the clerk of said court and that a commitment be substituted naming the place of commitment as the penitentiary. This is not denied by the return to the writ.

Petitioner alleges that he was confined in the city prison, Manhattan, from October 1, 1947, to October 8, 1947, before being bailed out. In connection with his imprisonment petitioner alleges he would be entitled to a reduction of sentence of ten days for each month, in view of the change of the place of com-

mitment from the workhouse to the penitentiary and that, therefore, the term of actual imprisonment of the petitioner will have ended on or about April 10, 1948, and that he is now being imprisoned and detained in violation of law.

The question presented is whether the substituted commitment which was issued, changing the place of confinement to the penitentiary, was a valid one; the department of correction did not honor the new commitment and the petitioner remains in the workhouse.

The original sentence imposed was within the jurisdiction of the court; the established rule is once a sentence is imposed and is put into execution and service thereunder has begun, the court is without power to change, modify or revise the sentence (*People* v. *Thompson,* 251 N. Y. 428, 431; *People ex rel. Gerbino* v. *Ashworth,* 267 App. Div. 579, 581; *People* v. *Gilligan,* 188 Misc. 712, and cases there cited).

The petitioner does not appear to question this rule, but seeks to draw a distinction in that, in the case at bar, the court merely changed the place of confinement and did not modify the sentence.

The place of confinement is part of the sentence, where it may be designated by the court; it is as much a part of the sentence as the term of the confinement. To change the *place* of confinement is to accomplish a modification of the sentence. It results in more than a mere substitution of the *place* of confinement; it results in a *change of sentence,* for by ordering a substitution of the place of confinement from the workhouse to the penitentiary it results in a reduction of the term by ten days each month, according to the allegations of the petition. To substitute is to modify (*Astor* v. *L'Amoreux,* 4 Sandf. 524, 538).

It is my view, therefore, that the Court of Special Sessions was without power to change the original sentence as it did (cases, *supra*), and that relator's present detention is lawful.

The writ is dismissed and the prisoner is remanded. Order signed.