THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* WILLIAM H. SCHNEIDER, Defendant.

County Court, Kings County, April 8, 1949.

*Nathaniel L. Goldstein, Attorney-General (Vincent A. Marsicano* of counsel), for plaintiff.

*Edward H. Levine* and *Arnold D. Roseman* for defendant.

LEIBOWITZ, J. On October 19, 1948, the defendant was sentenced to Elmira Reformatory pursuant to the provisions of section 2185 of the Penal Law. After the defendant had served approximately one month of his sentence, the assistant superintendent of Elmira informed the court that since the defendant had attained his thirtieth birthday at the time of sentence, he could not be sentenced to Elmira Reformatory under section 2185 of the Penal Law. Thereupon the defendant was recalled and on December 6, 1948, was resentenced to Sing Sing Prison for a term of ten to twelve years under the mandatory provisions governing punishment for the crime of robbery in the first degree.

The defendant now moves to set aside the resentence on the ground that the original sentence to Elmira was a legal sentence and could not be interrupted after the imprisonment had commenced (Penal Law, § 2188; Code Crim. Pro., § 470-a).

Section 2185 of the Penal Law (the Elmira statute, so-called) provides as follows: " A male between the ages of sixteen and thirty, convicted of a felony, who has not theretofore been convicted of a crime punishable by imprisonment in a state prison, may, in the discretion of the trial court, be sentenced to imprisonment in the Elmira reformatory, to be there confined under the provisions of law relating to that reformatory."

The common-law rule for computation of age is that a person attains a given age on the day preceding the anniversary of his birth (*Matter of Bardol*, 253 App. Div. 498, 254 App. Div. 647, affd. 278 N. Y. 543). Thus, the defendant was thirty years of age when originally sentenced and would not attain the age of thirty-one until the day preceding the thirty-first anniversary of his birth. This is not only the common-law rule still in full force as the law of this State, but is within the popular acceptance and meaning of one's age.

There appears to be no reported decision or controlling authority in this State concerning the phrase " between the ages of sixteen and thirty ", as used in section 2185 of the Penal Law.

If it was the intention of the Legislature to restrict the operation of the Elmira statute to males under thirty, it would have so expressly stated, as it did in the very preceding section (2184-a) dealing with sentence of males to the New York State Vocational Institution at Coxsackie, who are " sixteen years of age or over, but less than nineteen years of age ".

It follows, therefore, that both terminal ages are included, and that one who has reached the age of thirty, but has not

attained his thirty-first birthday, may be sentenced to Elmira Reformatory.

The original sentence to Elmira Reformatory was a legal sentence. The order of resentence dated December 6, 1948, should be vacated, the original sentence dated October 19, 1948, reinstated, and the defendant ordered removed from Sing Sing Prison to Elmira Reformatory, there to be dealt with in accordance with the provisions of the said original sentence. Settle order on notice.