The People of the State of New York, Plaintiff, *v.* Irving Cohen, Defendant.

County Court, Kings County, February 6, 1953.

*Miles F. McDonald, District Attorney* (*William I. Siegel* of counsel), for plaintiff.

*David F. Price* for defendant.

Leibowitz, J.  In 1947 the defendant was convicted in this court of a felony. He was thereupon sentenced as a third felony offender; the two prior alleged felonies being, the first, in the State of Illinois in 1930, and the second, in the Court of General Sessions of the County of New York in 1933.

In 1952, in the Court of General Sessions of the County of New York, on the authority of *People* v. *Olah* (300 N. Y. 96), he successfully moved to set aside the sentence imposed upon him in that court in 1933, as aforesaid, upon the ground that the first alleged conviction, namely, the one in the State of Illinois, did not come within the purview of section 1941 of the Penal Law. He was therefore resentenced as a first felony offender, *"nunc pro tunc"*, as of the year of 1933.

He now moves to set aside and vacate the 1947 judgment of conviction upon the ground that, in law, he was at that time a first felony offender. His contention is, that inasmuch as the Illinois conviction was rejected as a basis for a second felony offender proceeding, the Court of General Sessions of the County of New York imposed a legal sentence for the first time in 1952. Thus, in 1947, when sentenced in this court, he was, in law, a first felony offender, and the provisions of section 1941 of the Penal Law are not applicable.

The defendant's position is untenable. Section 1941 of the Penal Law, in part, reads as follows: " Section 1941. Punishment for a second or third offense of felony. A person, who, after having been once or twice convicted within this state, of a felony, of an attempt to commit a felony, or, under the laws of any other state, government, or country, of a crime which, if committed within this state, would be a felony, commits any felony, within this state, is punishable upon conviction of such second or third offense, as follows ".

Although the authorities in this State have been in disagreement as to the meaning of the word " convicted " (*People* v. *Fabian,* 192 N. Y. 443; *People* v. *Schaller,* 224 App. Div. 3), I am of the opinion that where there has been an irrevocable and final adjudication of guilt, even though the sentence imposed may be either insufficient in law or excessive, and, therefore, subject to amendment, the adjudication of guilt may, nonetheless, be made the basis for second or third felony offender proceedings.

Where sentence has not been imposed, the verdict or plea of guilt does not constitute a " conviction " under section 1941 of the Penal Law for the reason that the adjudication of guilt is not final and irrevocable. The verdict or plea may be set aside for various legal reasons. (Code Crim. Pro., § 465.) However, in this case, the adjudication of guilt in 1933 in the Court of General Sessions of the County of New York was final and conclusive, even though the sentence imposed required cor-

rection and was indeed corrected in 1952. The correction of the sentence in 1952 was not made upon constitutional grounds. The adjudication of guilt was not disturbed. The adjudication of guilt, therefore, had finality.

It is well settled that the court has the power to resentence a defendant where the sentence originally imposed is illegal, even though the defendant has already commenced serving such illegal sentence. (*People* v. *Cohn*, 252 App. Div. 910.) There is, however, a marked difference and distinction between the sentence and the conviction.

In *People* v. *Taras* (269 App. Div. 694, affd. 296 N. Y. 983) the court distinguished between the right to review the legality of a sentence and the right to review a conviction. On pages 694–695 the court said: " Respondent's motion is granted to the extent of dismissing the appeal except insofar as it may properly present for review the legality of the resentence imposed upon the appellant by the County Court of Queens County on August 4, 1943, and the scope of the appeal is limited accordingly. In all other respects the motion is denied. Appellant has the right to review the legality of the resentence by appeal from the amended judgment of conviction entered thereon. (*People* v. *Rozea*, 267 App. Div. 569.) His right to review the legality of the prior proceeding into and including the rendition of the verdict was lost by his failure to appeal within the time allowed by law from the judgment of conviction entered on the original sentence. (Code Crim. Pro., § 521.) That judgment was not void (*Matter of Morhous* v. *New York Supreme Court,* 293 N. Y. 131; *People ex rel. Wachowicz* v. *Martin,* 293 N. Y. 361; *Matter of Lyons* v. *Robinson,* 293 N. Y. 191) and the error in the original sentence could have been reviewed upon a timely appeal. While that right of review by appeal was lost through failure to take an appeal, the appellant was able to test the legality of the original sentence in a habeas corpus proceeding (*People ex rel. Taras* v. *Kirby,* 266 App. Div. 872). *However, in that proceeding, the order which remanded him for resentence did not affect the validity of the prior proceedings, nor did it revive the right to review by appeal such prior proceedings, which right had been lost by the failure to appeal.* The present appeal brings up for review only the question of the correctness of the amended sentence." (Emphasis supplied.) (See, also, *Matter of Moore* v. *Thorn*, 245 App. Div. 180, affd. 270 N. Y. 502.)

In *People* v. *La Sasso* (182 Misc. 538) I pointed out the dual and separable roles of the conviction and the sentence as com-

ponent parts of a judgment of conviction. At page 542, I said: "The judgment of the court in a criminal case serves two functions. First, it makes a judicial determination of guilt, based either upon the verdict rendered by the jury or a plea of guilty; and secondly, it imposes the penalty for the transgression."

When the Court of General Sessions of the County of New York resentenced the defendant in 1952, it added that the resentence was *"nunc pro tunc as of June 8, 1933"*. This addition was, in my opinion, mere surplusage. The resentencing of the defendant in 1952 did not, in the slightest, disturb the final adjudication and determination of guilt made in 1933, as aforesaid (*Hendricks* v. *Ergis*, 66 N. Y. S. 2d 349).

The defendant's motion for resentence as a first felony offender must, therefore, be denied. However, since the defendant's conviction in 1930 in Illinois is no longer recognized as a felony conviction in New York, the defendant is now, in law, a second felony offender and may be resentenced, as such, by this court. Such relief must be sought by a new motion. Submit order accordingly.