Jambs P. McG-battan, J.
The defendant moves “ to vacate and set aside an erroneous judgment of conviction * * * and for the setting aside of an imposed sentence of 5 to 10 years, and for the imposition of a modified and proper sentence ”.
The defendant was indicted in Queens County on June 27, 1945 for the crimes of burglary in the third degree and possession of burglar’s instruments as a felony. On December 12, 1945, in this court, the defendant pleaded guilty to the crime of attempted burglary, third degree as a second felony offender. The prior conviction, which the People contend makes the defendant a second felony offender, was rendered in the Essex County Court, State of New Jersey on May 15, 1939 for the crime of breaking and entering.
The basis of this motion by defendant is the claim that the said conviction in New Jersey, which allegedly constituted him a second felony offender, was in fact, not such a conviction which would justify the court in increasing the severity of the sentence pursuant to the provisions of section 1941 of the Penal Law.
His conviction in New Jersey was upon his plea of non vult to an indictment containing three counts, the first of which charged a breaking and entering by night with intent to steal ; the second of which charged a breaking and entering by day with intent to steal; the third of which charged an entering of the same premises mentioned in the first two counts without, however, a breaking.
*4 The defendant is correct in his contention, because it is clear that the crime to which the defendant pleaded non vult in New Jersey is now interpreted not to be a felony in this State, and such conviction therefore does not constitute the defendant a second felony offender. The case of People v. Caracelli (309 N. Y. 853) decided November 17, 1955 (some 10 years later) is clearly in point.
An improper sentence does not invalidate a judgment of conviction. All that is required to correct such infirmity is a resentence imposing a proper sentence.
The People contend that resentence is not required in this case, and that the matter has been rendered academic by the completion of the sentence imposed upon him in this court as a second felony offender. Also, that resentence will not change defendant’s status in that the operative fact in respect to defendant’s future status will always be whether the New Jersey conviction will constitute a prior conviction, not whether he was sentenced in this court as a first or second offender.
Although the court accepts the People’s contention, in respect to the defendant’s future status, that each jurisdiction will necessarily determine for itself whether the New Jersey conviction constitutes a prior conviction, it nevertheless does not believe the matter to be academic.
On the contrary, the sentence of December 21, 1945, imposed in this court, should be corrected because it is an improper sentence, despite the fact that the same has already been fully served.
The sentence of December 21,1945 should be made to conform to a sentence which may have been imposed had the New Jersey conviction not been considered as a prior felony conviction.
The District Attorney is directed to enter an order in accordance herewith to produce the defendant before this court on December 27, 1957 for a hearing on the allegations set forth in the supporting affidavits filed herein.