Benjamin G-assman, J.
On January 18, 1956, the defendant was indicted for the crime of (1) robbery in the first degree; (2) grand larceny in the first degree; (3) assault in the second degree; and (4) carrying- a dangerous weapon after prior conviction. On January 30, 1956, the defendant pleaded guilty before Hon. Joseph V. Loscalzo, Acting Judge, to the crime of attempted robbery in the third degree, under the first count of the indictment and was sentenced to State Prison for a term of not less than three years nor more than six years.
At the time of his aforesaid sentence, the defendant was out on parole on a prior conviction. On July 11,1952, the defendant was convicted of robbery in the third degree and was sentenced to State Prison for a term of not less than 3 years nor more than 10 years. It was while he was out on parole on the 1952 conviction, that he committed the instant crime.
In his plea to this court, the defendant concedes that he was dealt with leniently by Judge Loscalzo, but he urges that, in view of the fact that he was required to complete the 1952 sentence (which he is now serving) because of the violation of parole, this court reconsider the sentence imposed upon him, and either suspend sentence or reduce it.
Where imprisonment under a sentence has commenced, it cannot be suspended or interrupted. (Penal Law, § 2188; Code Crim. Pro., § 470-a; People ex rel. Quigley v. Marsden, 188 Misc. 37.) However, the sentence imposed on the defendant on January 30, 1956, has not yet commenced and will not commence until the defendant has served out his 3 to 10 years’ sentence. ‘ ‘ 1 Where a person, under sentence for a felony, after-wards commits any other felony, and is therefor convicted and sentenced to another term of imprisonment, the latter term shall not begin until the' expiration of all the terms of imprisonment, to which he is already sentenced ’ (People ex rel. Newton v. Twombly, 228 N. Y. 33, 35; Correction Law, § 219; People ex rel. Rathbourne v. Martin, 261 App. Div. 11-13, 1114.) Hence, in view of the fact that the defendant has not yet started to serve the sentence imposed upon him in 1956, this court has the power, in its discretion, to suspend or modify such latter sentence.
However, the facts in this case do not warrant any reduction of the sentence. It was charged in this ease that on December 23,1955, an unidentified 16-year-old girl brought the complainant to the second floor of a building on East 14th Street, under the pretense of getting him an apartment. She brought him to a *663 room, knocked on the door and then spoke to the defendant who was inside that room. The defendant drew a knife, held it against the complainant’s throat and removed $125 from the complainant’s wallet. He admitted this charge when he pleaded guilty. At the time he committed this crime, he not only was out on parole on the 1952 sentence of 3 to 10 years on a charge of robbery in the third degree, but also had a 1947 conviction of burglary, a 1949 petit larceny conviction and a 1951 conviction under section 1897 of the Penal Law.
Accordingly, the motion is in all respects denied.
The District Attorney is directed to enter an order in accordance with this decision and to forward a copy thereof to the defendant at his place of incarceration.