THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* RUDOLPH MANASEK, Defendant.

County Court, Westchester County, May 10, 1962.

·*Leonard Rubenfeld, District Attorney,* for plaintiff.   *Michael I. Winter* for defendant.

JOHN H. GALLOWAY, JR., J. Defendant moves to set aside the sentence imposed on him by this court on October 18, 1956, upon his convictions under indictments numbered 14362 and 14363 of 1948, whereby he was resentenced as a third felony offender to two indeterminate terms of 10 to 20 years each, to run concurrently, and for resentencing of the defendant under said indictments as a second felony offender.

On the aforesaid resentencing defendant served in prison 11 years 4 months and 29 days when he was paroled on June 21, 1960.   On October 17, 1960 he committed certain felonies for which he was later indicted and upon one of which (felonious possession of burglar's tools) he was convicted by a jury after trial on February 22, 1962, and upon which he was sentenced by this court on March 23, 1962 as a fourth felony offender to an indeterminate term of 15 years to life.   Upon his arrest in October, 1960, the defendant was declared delinquent on the aforesaid sentence of October 18, 1956, and by virtue thereof owes the State thereunder 8 years 3 months and 14 days.

Defendant urges that he is now entitled to be again resentenced by this court as a second felony offender on indictments Nos. 14362 and 14363 of 1948 (upon which he was resentenced as a third offender on Oct. 18, 1956), because one of the two prior felony convictions, viz.— a Queens County conviction of May 3, 1940 was, on May 1, 1957, vacated and he was resentenced as a second offender on October 14, 1957, as of May 3, 1940, to a lesser term.   Defendant argues: " The vacatur of the sentence of May 3, 1940, in Queens County, was, in effect, a vacatur of the judgment of conviction of the same date, in Queens County, because the sentence is, in effect, the judgment of conviction. * * *   As a result of the action of the County Court of Queens County, the defendant is entitled to be resentenced in this Court as a second felony offender on the above identified indictments in this Court''.

The occasion for the vacation of the sentence of May 3, ·1940 was the vacation and setting aside as illegal, on October 10, 1955, of a prior felony conviction of May 6, 1930, upon which

had been predicated defendant's third felony offender status as of May 3, 1940. It appears from a certified copy of the Clerk's minutes in the Queens County Court on the resentencing of October 14, 1957 that " as a result of a motion by the defendant, an order was signed on May 1, 1957, by Judge Farrell, *vacating the sentence* of May 3, 1940 and for the resentencing of the defendant ". (Emphasis supplied.) It also appears from the same minutes that in imposing the resentence the court's judgment provided expressly that " said sentence (to be) effective as of May 3, 1940 ".

Defendant's contention that the vacation of the sentence of May 3, 1940 was in effect a vacation of the judgment of conviction of the same date, because the sentence is, in effect, the judgment of conviction, is rejected as contrary to law. The judgment of conviction consists of two parts:- first, the *determination of guilt* — the verdict of guilty or conviction of guilt rendered by a jury, or upon the accused's own plea of guilty; and second, the sentence which is the *imposition of the punishment* prescribed for the crime of which the accused has been determined to be guilty. A sentencing court no more determines the guilt of the defendant than does the Grand Jury which accuses him of the crime. And no one will say that the petit jury, which determines his guilt, either does or can by law impose the punishment.

Judge LEIBOWITZ, in *People* v. *Cohen* (204 Misc. 155, 158), similarly explains the dual and separable rules of the conviction and the sentence as component parts of a judgment of conviction, quoting from one of his prior decisions, as follows: " The judgment of the court in a criminal case serves two functions: First, it makes a judicial determination of guilt, based either upon the verdict rendered by the jury or a plea of guilty; and secondly, it imposes the penalty for the transgression ".

Thus correctly understood, an improper or incorrect sentence does not invalidate a judgment of conviction, i.e. a determination or conviction of guilt. All that is required to correct such infirmity is a resentence imposing a proper sentence. (Cf. *People* v. *Fischer*, 9 Misc 2d 2, 4 [Queens County Ct., 1957].)

We conclude, therefore, that defendant's resentencing as a second offender on October 14, 1957, left the conviction of May 3, 1940 undisturbed. He had been sentenced originally on May 3, 1940 as a third offender — but the vacation of the prior conviction of May 6, 1930 (which was defendant's second felony conviction) required his resentencing as a second offender as of the same date — viz., May 3, 1940. And that resentencing,

pronounced on October 14, 1957, likewise leaves undisturbed the defendant's status as a third felony offender on October 18, 1956, when he was resentenced as such by this court. It was so held in *People* v. *Manieri* (4 Misc 2d 567, 569 [Ct. of General Sessions, N. Y. County, 1955]), wherein Judge VALENTE said: "For the purpose of multiple offender considerations, the date of resentence has no significance and does not change the effect or the character or the time sequence of the judgment of conviction".

See, also, *People* v. *Cohen* (204 Misc. 155, 157–158, *supra* [Kings County Ct., 1953]) wherein it was held that a defendant sentenced on a 1947 conviction as a third felony offender, who successfully moved in 1952, for resentencing as a first offender under a 1933 conviction on which he had been sentenced as a second offender, was not thereby entitled to be resentenced on the 1947 conviction as a first felony offender.

It follows in consequence of the foregoing that defendant here was legally and properly resentenced as a third felony offender on October 18, 1956, on indictments Nos. 14362 and 14363, and may not now be resentenced as a second offender as herein requested.

We pass to defendant's additional request on this motion — namely, that he be resentenced on the 1949 conviction to such a reduced term as will leave him not owing the State of New York the above-mentioned delinquent time of 8 years 3 months and 14 days (as, for example, a term of 10 to 12 years in place of the 10 to 20 years imposed on Oct. 18, 1956), as he faces a 15 years to life sentence on his February 22, 1962 conviction. He urges this consideration because of his age and the fact that, due to the vacation of one prior conviction and the reduction of sentences on resentences consequent thereto, he has now served aggregate excess prison time of 5 years 2 months and 24 days for which he has received no credit at all.

This cannot be accomplished, for it is the law of this State that a legal sentence (as is the resentence of Oct. 18, 1956) which has been put into execution cannot be modified, amended or revised in any way. (*People* v. *Gilligan*, 188 Misc. 712–713 and cases therein cited; *People ex rel. Warshaw* v. *Klein*, 192 Misc. 289–290; *People* v. *Thuna*. 266 App. Div. 223, 225.)

We have considered other, as well as similar grounds urged by the defendant in person in his letter to the court of April 19. 1962 for the relief herein sought. They are either without merit on this application or have been covered in the foregoing decision.

Motion denied. Defendant will be presented within five days after service of the order hereon on his attorney for resentence as a fourth felony offender by this court on his conviction of February 22, 1962, as moved by the District Attorney on April 16, 1962, whose motion is hereby granted.