Liston F. Coon, J.
Defendant, serving a sentence as a second felony offender, moves for resentenee as a first felony offender in connection with his conviction in Cortland County Court on October 11,1937 for attempted robbery in the first degree.
No issue of fact is raised in the petition. Defendant was originally convicted in Cattaraugus County Court on October 22,1934 for grand larceny and sentenced to the Elmira Reformatory. This was the underlying felony conviction for the present sentence.
On May 15, 1961 the Cattaraugus County Court set aside the prior sentence for failure on sentencing to comply with section 472 of the Code of Criminal Procedure. On July 3, 1962 he was resentenced to the same reformatory term, nunc pro tunc.
Defendant’s contention is that the 1962 resentenee, being subsequent to the Cortland County sentence, vitiates his status as a multiple felony offender. The issue raised is whether the status of a convicted multiple offender is affected by a subsequent resentenee, nunc pro tunc of an underlying felony.
In support of his claim, defendant relies upon People v. Weinberger (21 A D 2d 353, affd. 15 N Y 2d 735). In that case a resentenee as a first felony offender was directed where although the second felony was committed subsequent to the first on which a plea of guilty had been entered, judgment was not passed until after the commission of the second felony.
The Appellate Division held that the sentence is the judgment and that no conviction occurs until some sentence is passed even though it be only a suspended sentence.
Such is not the case here. Defendant received an actual sentence in 1934 even though it was later set aside. The record shows that only the sentence was set aside and that the resentenee was nunc pro tunc.
The vacation and resentenee of an earlier conviction does not disturb a defendant’s status as a multiple offender {People v. *396 Manasek, 35 Misc 2d 228), since a resentence nunc pro Pune merely corrects a judgment of conviction as of the time it was originally entered (People v. Manieri, 4 Misc 2d 567).
The court does not view People v. Weinberger (p. 355) as altering this rule. There the court said, ‘‘ a plea of guilty, standing alone and not followed by suspension of sentence or by imposition of sentence and suspension of its execution, does not constitute a conviction within the meaning of section 1941 of the Penal Law as applied to a second offender.” (Italics supplied.)
Even an uncorrected procedural defect at the time of sentence would not affect multiple offender status. (People ex rel. Jones v. Conboy, 14 A D 2d 601.) Compliance with section 472 of the code, the issue in this case, is procedural in nature. (Matter of Hedgecock v. Oneida County Ct., 19 Misc 2d 459.)
Petitioner’s motion for resentence is denied. The District Attorney is directed to enter an order in conformance with the decision herein and to serve a certified copy thereof on the defendant.