The **PEOPLE OF the STATE OF NEW YORK** ex rel. Charlie **WALKER,**
Petitioner,

v.

**W. N. DENNO,** as Warden of Sing Sing State Prison, Ossining, New York,
Respondent.

**66 Civ. 229.**

United States District Court
S. D. New York.
March 18, 1966.

**10**

––––––◆––––––

Charlie Walker, pro se.

Louis J. Lefkowitz, Atty. Gen. of New York, New York City, for respondent. Iris Steel, Deputy Asst. Atty. Gen., of counsel.

WEINFELD, District Judge.

The petitioner, now confined at Green Haven State Prison pursuant to a judgment of conviction entered in the Supreme Court, Kings County, on a jury verdict, seeks his release on a writ of habeas corpus. He was found guilty of robbery in the first degree, grand larceny in the first degree, and assault in the second degree. They were cognate charges based upon a single holdup. The petitioner was sentenced on the assault charge to a term of two and a half to five years; on the robbery charge from fifteen to thirty years, and on the larceny charge from five to ten years. Since execution of sentences on the latter two charges was suspended, his present incarceration is by virtue of the assault conviction.

His claim for relief here is that his federally protected constitutional right against double jeopardy was violated. The claim appears to rest upon a contention that the assault was an essential element of the robbery charge, that upon his conviction of robbery the assault was merged therein, and consequently that the sentence imposed upon, and his present detention under, the assault charge is entirely void as it constitutes double punishment.[1]

Section 1938 of New York's Penal Law, McKinney's Consol. Laws, c. 40 provides:

> "An act or omission which is made criminal and punishable in different ways, by different provisions of law, may be punished under any one of those provisions, but not under more than one; and a conviction or acquittal under one bars a prosecution for the same act or omission under any other provision."

In construing this statute the New York Court of Appeals has held that if an act which itself constitutes a crime is a material element of another crime, there can be but a single punishment.[2] Accordingly, it has recognized that in crimes of assault and robbery, the act which constitutes the element of force in the robbery may not be made the basis of consecutive punishment for the assault.[3] Here consecutive sentences were not imposed; the execution of the sentences upon the more serious charges of robbery and larceny was suspended; the sole punishment was imposed under the assault charge which carried with it the lightest permissible sentence of all three offenses. The sentence was in accord with the statutory prohibition against cumulative punishment, which statute the New York State Court of Appeals has observed embodies "not only the letter

1. Double punishment has been held to be within the constitutional prohibition against double jeopardy. See United States v. Ewell, 86 S.Ct. 773, 15 L.Ed.2d 627 (1966); Smith v. United States, 287 F.2d 270, 274 (9th Cir.), cert. denied, 366 U.S. 946, 81 S.Ct. 1676, 6 L.Ed.2d 856 (1961); Rowley v. Welch, 72 App.D.C. 351, 114 F.2d 499, 502–503 (1940).

2. People ex rel. Maurer v. Jackson, 2 N. Y.2d 259, 264, 159 N.Y.S.2d 203, 140 N. E.2d 282 (1957).

3. People ex rel. Maurer v. Jackson, 2 N. Y.2d 259, 264, 159 N.Y.S.2d 203, 140 N.E. 2d 282 (1957), citing Zovick v. Eaton, 259 App.Div. 585, 20 N.Y.S.2d 447 (3d Dep't 1940), and People ex rel. Thornewell v. Heacox, 231 App.Div. 617, 247 N.Y.S. 464 (4th Dep't 1931).

but the full spirit of the constitutional prohibition [of double jeopardy] * *." [4] We agree. There is no basis for any claim of violation of petitioner's federally protected right against double punishment under the double jeopardy provision of the Fifth Amendment of the Federal Constitution.

While it appears that with respect to the larceny and robbery sentences the sentencing court under New York law still retains jurisdiction to revoke the sentences, execution of which was suspended, and make them effective [5] even though petitioner was not placed on probation,[6] the sentence petitioner is now serving under the assault charge has not expired, and it is not alleged, nor does it appear, that the state has taken any action to revoke the judgments entered upon the robbery and larceny charges. Under the circumstances there is no basis for federal intervention; in the event the state hereafter should undertake to imprison petitioner on either or both convictions as to which execution of sentence was suspended, petitioner would have an available state remedy to challenge his detention as double punishment on statutory and constitutional grounds.[7] There is even less basis for federal intervention if, as petitioner contends, the state courts now lack power to revoke suspension of

sentence,[8] for then punishment in addition to the sentence he is now serving would be foreclosed.

The petition is denied.

---

4. People v. Snyder, 241 N.Y. 81, 83, 148 N.E. 796 (1925).

5. See N.Y.Penal L. § 2188; N.Y.Code Crim.Proc. § 470-a.

6. See Ex parte Kuney, 168 Misc. 285, 5 N.Y.S.2d 644, 662–666 (Sup.Ct.1938), aff'd sub nom. People ex rel. Kuney v. Adams, 256 App.Div. 802, 9 N.Y.S.2d 403 (1st Dep't), aff'd, 280 N.Y. 794, 21 N.E. 2d 621 (1939); People ex rel. Schindler v. Kaiser, 95 Misc. 681, 159 N.Y.S. 322, 325 (Sup.Ct.1916); People v. Kastel, 172 Misc. 784, 17 N.Y.S.2d 418 (County Ct. 1939).

7. See People v. Fyfe, 273 App.Div. 768, 75 N.Y.S.2d 661 (1st Dep't 1947).

8. Petitioner relies on People ex rel. Quigley v. Marsden, 188 Misc. 37, 66 N.Y.S.2d 698 (Sup.Ct.1946); Bartkowiak v. Hunt, 38 N.Y.S.2d 717, 719 (Sup.Ct.1942), aff'd, 266 App.Div. 942, 46 N.Y.S.2d 22 (4th

Dep't 1943) (dictum); People v. Friona, 23 N.Y.S.2d 631 (Sup.Ct.1940); People v. Schneider, 194 Misc. 746, 87 N.Y.S.2d 680 (County Ct.), rev'd on other grounds, 276 App.Div. 781, 92 N.Y.S.2d 649 (2d Dep't 1949); People v. Gilligan, 188 Misc. 712, 65 N.Y.S.2d 879 (Ct.Gen.Sess.1946); People v. Elliott, 140 Misc. 685, 251 N.Y. S. 458, 460 (Ct.Gen.Sess.1931); People v. Heffernan, 38 How.Pr. 402 (N.Y.Super.Ct.1870). These cases hold, however, only that a sentencing court may not suspend or interrupt imprisonment after it has commenced. It appears unlikely that the New York courts would extend the rule of these cases to forego jurisdiction in instances such as here presented, where the execution of sentence already imposed has been suspended. See People ex rel. Woodin v. Ottaway, 247 N.Y. 493, 496, 161 N.E. 157 (1928) (dictum); People v. Thuna, 266 App.Div. 223, 41 N.Y.S.2d 857 (2d Dep't 1943).