MABEL BIRDSALL, Plaintiff, v. RICHARD J. LEWIS, as Sheriff of the County of Albany, Defendant.

Supreme Court, Albany County, September 6, 1935.

*Dugan & Bookstein,* for the plaintiff.

*Walter L. Collins,* for the defendant.

*John J. Bennett, Jr., Attorney-General* [*Caleb Candee Brown, Jr.,* of counsel], for the State Commission of Correction, and another, as *amicus curiæ.*

FOSTER, J. This is an application to dismiss the complaint herein on the ground that the same fails to state facts sufficient to constitute a cause of action.

The alleged cause of action is, briefly, as follows: That the defendant, as sheriff of the county of Albany, pursuant to an order of the Supreme Court, arrested one G. J. Townsend Birdsall, and duly committed him to the Albany county jail on December 15, 1934, there to be detained in further pursuance of said order, in close custody, until the sum of $3,255 was paid, or he was discharged according to law; that the said Birdsall had been fined said sum as contempt of court for his failure and refusal to comply with a judgment of the court in an action for separation between the plaintiff and himself, as defendant; that in violation of his duties as such sheriff, and not in accordance with law, the defendant herein on June 14, 1935, and before the expiration of six months' imprisonment of the said Birdsall, released him from custody and permitted him to remain at large on the 15th day of June, 1935.

From this it may be seen that the sufficiency of the complaint is to be determined upon the basis of whether or not the defendant released Birdsall from custody before the expiration of six months' imprisonment. The parties are agreed that since the term of imprisonment was not specified in the order, and the fine was more than $500, Birdsall was only to be imprisoned for a period of six months. He was committed December 15, 1934, and released June 14, 1935. Did that period constitute six months?

The plaintiff cites section 30 of the General Construction Law in support of a negative answer. That section reads as follows: "A number of months after or before a certain day shall be computed by counting such number of calendar months from such day,

exclusive of the calendar month in which such day occurs, and shall include the day of the month in the last month so counted having the same numerical order in days of the month as the day from which the computation is made, unless there be not so many days in the last month so counted, in which case the period computed shall expire with the last day of the month so counted."

The language of the statute itself, i. e., " a number of months after or before a certain day," indicates that it was never intended to be applied to a situation of the character stated in the complaint. A term of imprisonment does not begin to run after a certain day; it commences on the instant of commitment, and includes the day of the commitment. This applies to imprisonment for either civil or criminal offenses.

While no specific authority in point has been cited, nor have I been able to find any, the great weight of actual practice in this State over many years sustains such a construction. Moreover, the language of section 774 of the Judiciary Law, which was the authority for imprisonment in this case, provides specifically for the period of imprisonment " not exceeding six months." To adopt the construction contended for by the plaintiff would violate that specific requirement and make the prisoner's term one day over the six months' period. Obvious principles of justice and long-established practice require the rejection of such construction.

I conclude, therefore, that the complaint does not state a cause of action and the motion must be granted.