MABEL BIRDSALL, Appellant, *v.* RICHARD J. LEWIS, as Sheriff of the County of Albany, Respondent.

Third Department, January 9, 1936.

* Affg. 156 Misc. 712.

*Dugan & Bookstein* [*Daniel J. Dugan* and *Isadore Bookstein* of counsel], for the appellant.

*Walter L. Collins*, for the respondent.

*John J. Bennett, Jr., Attorney-General* [*Caleb Candee Brown, Jr., Assistant Attorney-General*, of counsel], for the State Commission of Correction and Department of Correction, as *amicus curiæ*.

HEFFERNAN, J. Plaintiff has appealed from an order of the Supreme Court made on defendant's motion at the Albany Special Term, dismissing her complaint for failure to state a cause of action, pursuant to rule 106 of the Rules of Civil Practice.

The question for determination, while apparently simple and somewhat novel, has not, so far as we have been able to ascertain, been heretofore passed upon in this State. Counsel have cited no precedent and our own research has disclosed none.

For a cause of action, plaintiff charges, in substance, that she is the wife of one G. J. Townsend Birdsall, and that on April 7, 1931, in the Supreme Court, a judgment of separation was rendered in her favor and against Birdsall, containing among other provisions, a direction requiring Birdsall to pay her a weekly sum as alimony for her maintenance. The complaint states that Birdsall never complied with the provisions of the judgment requiring payment; that plaintiff instituted proceedings to punish him for contempt, as a result of which the Special Term of this court, on April 5, 1933, made an order adjudging him guilty of contempt of court and fining him the sum of $3,255, which represented the aggregate amount of the unpaid alimony. The order also directed that Birdsall should be committed to jail by the sheriff of any county in this State to be there detained in close custody until he should pay the fine or be

discharged according to law. It also appears that on December 15, 1934, Birdsall was apprehended by defendant, the sheriff of Albany county, and imprisoned in the Albany county jail on that day and thereafter detained by defendant therein until June 14, 1935, when he was discharged. Plaintiff alleges that defendant wrongfully discharged her husband from imprisonment one day before the expiration of his sentence, and this action was instituted by plaintiff against the sheriff to recover damages pursuant to section 514 of the Correction Law. If plaintiff has brought herself within the provisions of the section of the Correction Law cited, defendant is liable to her for the damages fixed by that section, being the amount which Birdsall was directed to pay in the order of commitment.

Defendant contends that when he discharged Birdsall from jail on June fourteenth the term of his imprisonment had expired, and that consequently he was discharged according to law. If this contention is correct, then plaintiff has no cause of action.

Plaintiff asserts that the term of imprisonment is to be computed in accordance with sections 20 and 30 of the General Construction Law. The material portion of section 20 is: " In computing any specified period of time from a specified event, the day upon which the event happens is deemed the day from which the reckoning is made. The day from which any specified period of time is reckoned shall be excluded in making the reckoning." Section 30 reads as follows: " Month, computation. A number of months after or before a certain day shall be computed by counting such number of calendar months from such day, exclusive of the calendar month in which such day occurs, and shall include the day of the month in the last month so counted having the same numerical order in days of the month as the day from which the computation is made, unless there be not so many days in the last month so counted, in which case the period computed shall expire with the last day of the month so counted."

If the period of confinement is to be reckoned in accordance with these sections of the General Construction Law, then December fifteenth, the day when Birdsall commenced his imprisonment, must be excluded in making the reckoning and the prisoner's term would not expire until June fifteenth.

The pertinent provisions of section 774 of the Judiciary Law, which provide for the length of imprisonment under the order of commitment, are: " Length of imprisonment. * . * * If the term of imprisonment is not specified in the order, the offender shall be imprisoned for the fine imposed three months if the fine is less than five hundred dollars, and six months if the fine imposed is

five hundred dollars or more." The term of imprisonment of a civil prisoner is contained in section 72 of the Civil Rights Law, which provides in part: " Such imprisonment shall not continue for a longer period than six months."

The question presented involves the meaning of the words " six months " as constituting a specified period of time.

Defendant could not confine Birdsall for a longer period than six months without making himself liable for false imprisonment. A jailer may not detain one received upon a commitment for six months for six months and one day. The law does not take into consideration fractional parts of a day. (*Aultman & Taylor Co. v. Syme,* 163 N. Y. 54.)

We believe that the sections of the General Construction Law upon which plaintiff relies do not apply to the situation which this case presents. These sections relate to the computation of a number of days or a number of months before or after a certain day. No commitment requires a jailer to hold a prisoner for such a period, but always for a definite term, and the prisoner is entitled to credit for any day during which he is confined; any attempt to exclude in the computation either the first day or the last day would constitute a false imprisonment. Six months means six months, no more and no less.

This view finds confirmation in section 110 of the General Construction Law which reads: "Application of chapter. This chapter is applicable to every statute unless its general object, or the context of the language construed, or other provisions of law indicate that a different meaning or application was intended from that required to be given by this chapter." Section 774 of the Judiciary Law and section 72 of the Civil Rights Law clearly indicate that the provisions of the General Construction Law are not applicable to them.

If we should adopt plaintiff's view, Birdsall could not be credited with his first day of service. It seems to us only logical and reasonable that we should give the statutes under consideration a construction which results in justice to the prisoner. The application of this doctrine to the instant case would require the inclusion in the computation of December fifteenth, the day on which he was incarcerated. It is the construction required, moreover, by the rules of construction applicable to criminal cases — that is, that the statutes and proceedings be construed strictly against the prosecution and in favor of the accused. In 16 Corpus Juris (p. 1375), in interpreting the meaning of the word " month " when used to measure term of imprisonment, it is said: "A person sentenced to imprisonment for the space of one calendar month is entitled to be discharged on the day in the succeeding month immediately

preceding the day numerically corresponding to that from which his sentence takes effect. If there is no such numerically corresponding day, the term will end on the last day of such succeeding month."

Since the term of Birdsall's imprisonment commenced on the instant of commitment, December 15, 1934, he was entitled to his discharge on June 14, 1935, being the expiration of the six months' term.

The order and judgment appealed from should be affirmed, with ten dollars costs and disbursements.

HILL, P. J., McNAMEE and BLISS, JJ., concur; RHODES, J., dissents, with an opinion.

RHODES, J. (dissenting). Plaintiff's husband was fined $3,255 for contempt by an order of the court which directed that he be committed to jail until he pay the fine or be discharged according to law.

The husband was taken into custody by the sheriff of Albany county December 15, 1934, and was discharged June 14, 1935.

We are in agreement that if sections 20 and 30 of the General Construction Law and section 72 of the Civil Rights Law apply, then the prisoner should have been detained in custody until June 15, 1935.

We are in disagreement as to whether the statutes referred to cover this case. Section 110 of the General Construction Law declares: " This chapter is applicable to every statute unless its general object, or the context of the language construed, or other provisions of law indicate that a different meaning or application was intended from that required to be given by this chapter."

Therefore, it seems to me, the statute governs and not the common law. There is no clear indication that the Legislature was solicitous of the period of detention of prisoners to the extent of counting hours and splitting days. It probably was more concerned about establishing a definite and certain rule and apparently it intended, so far as possible, to fix the rule by the exact formula of the statute, leaving nothing to be interpolated or deleted.

By section 232 of the Correction Law (renumbered section 231 by Laws of 1935, chap. 902, § 4), for the purpose of computing commutation and compensation, the term of a prisoner convicted of a crime and sentenced to State prison begins on the date of his actual incarceration in a State prison. Furthermore, it may be that incarceration in jail for any portion of a day is to be computed as one day, because for some purposes the common law does not take into consideration fractional parts of a day. However,

this does not solve the problem here. The statutes in this case require incarceration for six months, and state in detail the method of computing such term.

Moreover, the statutory rule imposes no hardship upon the prisoner. As he was taken into custody on December fifteenth, actually he had not served a full day until the expiration of twenty-four hours. Possibly the Legislature, mindful of such actuality, was moved thereby to make applicable here the statutory rule as to the computation by months so that the period shall include the day of the month in the last month so counted having the same numerical order in days of the month as the day from which the computation is made.

The judgment and order should be reversed on the law, with costs.

Order and judgment affirmed, with costs.