In the Matter of the Judicial Settlement of the Account of LILLIAN C. EYEINGTON and THE MARINE TRUST COMPANY OF BUFFALO, Trustees under the Last Will and Testament of FRANK V. E. BARDOL, Deceased.*

LILLIAN C. EYEINGTON and THE MARINE TRUST COMPANY OF BUFFALO, as Trustees under the Last Will and Testament of FRANK V. E. BARDOL, Deceased, and ROBERT GEORGE BARDOL and EDGAR JOHN BARDOL, Beneficiaries, Appellants, Respondents; ALICE McCARTHY BARDOL, Widow of FRANKLIN V. E. BARDOL, Deceased, Respondent, Appellant.

LILLIAN C. EYEINGTON, as Administratrix, etc., of FRANKLIN V. E. BARDOL, Deceased, and KATHERINE M. BARDOL, Respondents.

Fourth Department, March 9, 1938.

* Modfg. and affg. 164 Misc. 907.

*Ray M. Stanley,* for the trustees and beneficiaries of the trust, appellants, respondents.

*George H. Kennedy,* for Alice McCarthy Bardol, respondent, appellant.

*John W. Ryan,* for the administratrix of Franklin V. E. Bardol and Katherine M. Bardol, respondents.

SEARS, P. J.   The decree appealed from construes the following language of the will of Frank V. E. Bardol, who died a resident of the city of Buffalo on the 9th day of April, 1925:

" All the rest, residue and remainder of my estate, real and personal, I give, devise and bequeath unto my Executors hereinafter named, in Trust, Nevertheless, for the following uses and purposes, to wit:   *   *   *

" My intention is to create three separate and distinct trusts, one for each of said sons, the net income from which, after the payment of the annuities above provided for, shall accumulate (except as to such part thereof as may be used for their college education) until they severally arrive at their majorities.   When each son arrives at the age of twenty-one years I direct that he be paid the accumulated income on the estate held in trust for him; when he arrives at the age of twenty-five years he shall be paid one-fourth of the principal of said estate, and one-fourth thereof when he is thirty years of age; one-fourth thereof when thirty-five years of age, and one-fourth thereof when forty years of age.   After reaching the age of twenty-one years, each of my said sons shall be paid, subject to the aforesaid annuities, the net income from the estate held in trust for him.   *   *   *

" The direction as to the payment over of the principal of the trust estate to each of my sons as he arrives at the ages specified is conditional on his having proved himself to be sober and industrious.   In case his habits are such that my Trustees shall deem it not to be for his best interests that the principal of the trust estate or any part thereof be paid him they are hereby authorized to retain the same for such additional length of time as to them shall appear to be for his good.   In any event, however, the trust shall terminate at his death.

" 6. In the event that any of my said sons shall die before the principal of the trust estate shall have been paid over to him as above provided leaving lawful issue him surviving then, and in such event, the portion of the principal not so paid over to him shall be paid over to, and be distributed among, his issue *per stirpes*.   In the event that he shall die leaving no lawful issue him surviving then the portion of the principal not paid over shall be held in trust for, and be paid over to, my two other sons, or the survivor, as though it were a part

of the original estate devised and bequeathed in trust for their benefit.

" 7. My trustees may for convenience keep said trust estates *in solido.*"

The testator left him surviving three children, Franklin V. E. Bardol, who was born on the 24th day of November, 1911; Robert George Bardol, who was born on the 4th day of April, 1913; and Edgar John Bardol, who was born on the 8th day of September, 1914.

Franklin V. E. Bardol died on the 23d day of November, 1936, the day before the anniversary of the day of his birth, leaving no children, but leaving as his distributees his widow, the appellant Alice McCarthy Bardol, and his mother, the respondent Katherine M. Bardol.

If Franklin V. E. Bardol had arrived at the age of twenty-five years on the day of his death, one-quarter of the principal of the trust created for his benefit must be paid to his administratrix and distributed as a part of his estate. If he did not arrive at the age of twenty-five years before his death, this quarter of the trust for his benefit remains in the same condition as the remaining three-quarters, and other questions concerning its distributions arise which are considered later. The surrogate has held that Franklin V. E. Bardol did arrive at the age of twenty-five years and that his estate is entitled to the principal of one-quarter of his trust, and we find no error in this determination. Seemingly no question would arise as to the correctness of this ruling were it not for the provisions of sections 20, 30 and 58 of the General Construction Law. The so-called English common-law rule for computing periods of time here applied has long been adopted as the law of this State. (*Snyder* v. *Warren,* 2 Cow. 518; *Phelan* v. *Douglass,* 11 How. Pr. 193; *Aultman & Taylor Co.* v. *Syme,* 163 N. Y. 54; *Birdsall* v. *Lewis,* 246 App. Div. 132; affd., 271 N. Y. 592.) The rule to be sure has been subjected to severe criticism (Redfield on the Law of Wills, *19), but has not been overturned. While section 58 of the General Construction Law defining a " year " as three hundred and sixty-five days and also as twelve months, is by its terms made applicable to the construction of the word " year " in private instruments, this at most only makes sections 20 and 30 of the General Construction Law applicable in construing the word " year." Neither section 20 nor section 30, however, relates to the computation of a period of time, but only to the construction of the meaning of the number of days within, after or before which an act is authorized, and of the number of months after or before a certain day. The sections, therefore, are not applicable to the computation of a period of time generally and so it has been held. (*Birdsall* v. *Lewis, supra.*) Clearer language than is used

in the General Construction Law is required to change the common-law rule for computing the years contained in the determination of age.

The other question before us on this appeal is as to the validity of the provision of the will relating to the continuance of the trust after the death of one of the life beneficiaries leaving no issue. Here again we feel controlled by authority. We cannot distinguish the provisions of this will from those involved in the will construed in *Matter of Colegrove* (221 N. Y. 455). There, as here, there were three separate trusts. In that case each trust was primarily for the benefit of a grandchild of the testator with income payable to the beneficiary until the beneficiary reached the age of twenty-one years when he was to receive the principal. There, as here, the provision was that in case of the death of the beneficiary before receiving the principal but leaving issue, the principal should be paid to the beneficiary's issue. The *Colegrove* will also provided that in case the beneficiary died before receiving the principal without leaving issue, the trustee should apply the income and profits of the trust created primarily for the benefit of the grandchild who had died to the use of the survivors or survivor of the three grandchildren-beneficiaries, until the survivors or survivor should attain majority when the trustee should dispose of the trust fund in whole or in equal shares as the case might be in accordance with the provisions of the will for the payment and delivery of the primary funds. The court held that only the trusts for the original beneficiaries and the provisions for the payment of the *corpus* to the beneficiaries upon reaching the age of twenty-one years or in case of the death of the beneficiary leaving issue, to his issue, were valid; but that the remaining provisions in connection with other parts of the will (which are not distinguishable from the other parts of the Bardol will) indicated an intention upon the part of the testator to keep the trust fund, in the event stated, tied up until the youngest of the three grandchildren arrived at the age of twenty-one and were, therefore, invalid under the statute limiting the valid term for the suspension of the power of alienation to two lives in being.

The application of the *Colegrove* case to the instant one and the vice therein is clarified by considering the somewhat similar case of *Matter of Buttner* (243 N. Y. 1) where a valid provision for disposition was made by providing that on the death of the beneficiary of one of three separate trusts each of the two surviving beneficiaries be paid one-half of the income, and upon the death of the second, the total *corpus* of the trust funds be divided into two parts, one part to be distributed among specified remaindermen and the income from the other part to be paid to the final survivor of the three original

life beneficiaries until his death. The fund for the ultimate survivor thus remained the same in amount as before the death of such life beneficiary. There was no intention indicated in the *Buttner* case that the entire *corpus* of one of the three trusts should, under certain circumstances, be held in trust until the death of the final survivor of the three original beneficiaries as was the case in certain contingencies in the will now before us for construction.

In view of the precedent of the *Colegrove* case (*supra*) we reach the determination that an intestacy occurred on the death of Franklin V. E. Bardol as to three-quarters of the original *corpus* of the trust established for his benefit under the will of the testator which must be treated as undistributed assets belonging to the estate of the testator.

Although the administratrix of the estate of Franklin V. E. Bardol did not appeal from that part of the decree which held the provisions of the trusts wholly valid, nor did the executor of the testator, still, we conclude that the appeal by the widow of Franklin V. E. Bardol, who is one of the distributees of his estate, is under the peculiar circumstances here sufficient to permit us to construe that part of the will of the testator relating to the validity of the secondary trusts.

The decree should be modified on the law to construe the will in accordance with this opinion to the effect that the provisions relating to the continuance of the trust for Franklin V. E. Bardol after his death are invalid and that an intestacy has occurred as to three-quarters of the *corpus* of the trust created for him, and as modified affirmed, with costs to all parties appearing by separate attorneys and filing briefs, payable out of the estate.

All concur. Present — SEARS, P. J., CROSBY, LEWIS, CUNNINGHAM and DOWLING, JJ.

Decree modified on the law in accordance with the opinion, and as modified affirmed, with costs to all parties appearing by separate attorneys and filing briefs, payable out of the estate.