In the Matter of the Application of DOMINICK BERLINGIERI, Petitioner, against HENRY E. BRUCKMAN and Others, Individually and Collectively as Constituting the State Liquor Authority, Respondents.— Proceeding to review the determination of the State Liquor Authority in revoking the petitioner's liquor license on the ground that the licensee violated section 106, subdivision 6, of the Alcoholic Beverage Control Law, by suffering or permitting the licensed premises to become disorderly, in that females induced male patrons to purchase alcoholic beverages upon the premises on various dates. Determination unanimously confirmed, with twenty dollars costs and disbursements, on the authority of *Matter of Menick* v. *Bruckman* (279 N. Y. 795, decided January 18, 1939). In reaching this determination the matters struck out of the answer were not considered. Present — Hagarty, Carswell, Johnston, Adel and Taylor, JJ.

In the Matter of the Application of MODECRAFT FUR Co., INC., to Set Aside General Assignment for Benefit of Creditors of S. ATKINS INC., Assignor, to SIDNEY ROTH, Assignee, Respondent; MODECRAFT FUR Co., INC., Appellant.— Order denying appellant's motion to resettle an order entered on December 7, 1938, affirmed, with ten dollars costs and disbursements. No opinion. Hagarty, Carswell, Johnston, Taylor and Close, JJ., concur.

In the Matter of Proving the Last Will and Testament of EMMA MOORE, Deceased. RUTH I. MOORE, Appellant; WALTER MOORE and LESTER MOORE, Respondents.— In a proceeding to probate a will of the decedent, petitioner appeals from a decree denying probate, entered on a jury verdict. Decree reversed on the law, without costs, and matter remitted to the Surrogate's Court, Nassau county, with directions that a decree be entered admitting the will to probate. The case was submitted to the jury on an erroneous theory, since here fraud warranting denial of probate must relate to the *factum* of the will (*Matter of Hermann*, 178 App. Div. 182, 190; affd., 222 N. Y. 564) and the fraud claimed related to petitioner's dealings with two joint bank accounts in the names of herself and her mother, the decedent, during a period long anterior to the preparation and execution of the will. Petitioner did not except to any part of the charge as given and made no requests to charge, and the charge became the law of the case, binding on the parties and on the courts. However, on the theory on which the case was submitted, there is no evidence to support the verdict. It was not shown that petitioner did anything fraudulent, or anything she did not have a legal right to do as a joint owner of the accounts, or which was contrary to the understanding and wishes of the decedent, who was alive while the acts now complained of were done. Nor was it shown that petitioner deceived or misled decedent as to the nature or extent of the latter's estate. Decedent had a perfect right to deposit her money in the joint accounts during her lifetime without taking her two sons, the present contestants, into consideration. The petitioner, as matter of law, was entitled to have the will admitted to probate. Hagarty, Carswell, Johnston Adel and Taylor, JJ., concur.

JOHN LESCZYNSKI, Appellant, v. THE THEW SHOVEL Co., Respondent.— Order granting reargument of motion to dismiss the second amended complaint pursuant to rule 113 of the Rules of Civil Practice, and on reargument adhering to the original decision, and judgment dismissing complaint, unanimously affirmed, with ten dollars costs and disbursements. Appeal from order entered September 10, 1938, dismissed. No opinion. Present — Lazansky, P. J., Carswell, Johnston, Taylor and Close, JJ.