Julius Helfand, J.
Application for an order of severance and for removal of the action against the defendant to the Children’s Court (now the Family Court) on the ground that the said defendant was under the age of 16 years at the time of the commission of the crime charged in the indictment is denied in all respects. The defendant and three others were indicted for the crime of manslaughter in the first degree. The indictment charges that the crime was committed by the defendants on or about August 24, 1963 in the County of Kings. It is the contention of the defendant that he was born on August 25, 1947 and that on August 24, 1963, the date of the alleged commission of the crime, he was under the age of 16 years. The defendant further contends that in accordance with the provisions of the Penal Law he cannot be tried on this indictment in this court inasmuch as the crime charged in the indictment does not contain a sentence punishable by death or life imprisonment (Penal Law, §§ 486, 2186).
In the absence of a statutory prescription, the common-law rule for computation of age is that a person attains a given age on the day preceding the anniversary of his birth. This common-law rule for computation of age has been adopted by the courts of our State (Matter of Bardol, 253 App. Div. 498, affd. 278 N. Y. 543; Birdsall v. Lewis, 246 App. Div. 132; People v. Schneider, 194 Misc. 746).
*543 The courts of other jurisdictions have also applied the common-law rule for computation of age in criminal cases (People v. Dudley, 53 Cal. App. 2d 181; Davis v. State, 152 Ga. 320; Commonwealth v. Howe, 35 Pa. Super. 554; Fox v. Manchester, 88 N. H. 355; Knott v. Rawlings, 250 Iowa 892; Linhart v. State, 33 Tex. Cr. Rep. 504).
It therefore follows that if this defendant was born as he claims on August 25, 1947, he was 16 years of age on August 24, 1963, and can be prosecuted in this court for the crime charged in the indictment.