William E. Ringel, J.
The defendant corporation, licensed to sell alcoholic beverages, has demurred to an information charging it with violation of subdivision 6 of section 106 of the Alcoholic Beverage Control Law. The information contains six counts, which are identical except as to the dates of the violations alleged, and for the purpose of this demurrer all of the counts will be disposed of in accordance with the ruling on one.
In substance, each count alleges that the defendant ‘1 unlawfully did suffer and permit such premises to become disorderly in that said defendant suffered and permitted entertainers on said premises to mingle with patrons, soliciting said patrons to purchase alcoholic beverages.”
Violation of this section is a misdemeanor (Alcoholic Beverage Control Law, § 130).
Subdivision 6 of section 106 states: “6. No person licensed to sell alcoholic beverages shall suffer or permit any gambling on the licensed premises, or suffer or permit such premises to become disorderly.”
If the facts alleged in the several counts do not constitute a crime, the demurrer must be allowed (Code Crim. Pro., § 323, subd. 4; N. Y. City Crim. Ct. Act, § 41).
The word “ disorderly ” is not defined in the statute. Of necessity, therefore, recourse must be had to other sources. The authorities hold that words are to receive their natural and obvious meaning and are to be construed according to their ordinary and popular significance (McKinney’s Cons. Laws of N. Y., Book 1, Statutes, §§ 94, 232; People v. Hoyt, 166 N. Y. S. 953; Matter of Young v. Gerosa, 11 A D 2d 67); *1095 that as an aid in determining their popular and accepted meaning, dictionaries may be consulted (McKinney’s Cons. Laws of N. Y., Book 1, Statutes, § 234; Matter of Hardecker v. Board of Educ., 180 Misc. 1008, affd. 266 App. Div. 980, affd. 292 N. Y. 584); that there is a presumption that similar meaning attaches to the use of similar words as they appear in other statutes of like import (McKinney’s Cons. Laws of N. Y., Book 1, Statutes, § 236); that words in a penal statute should not be so construed so as to make out a crime by implication (McKinney’s Cons. Laws of N. Y., Book 1, Statutes, § 276; People v. Adamkiewicz, 298 N. Y. 176) so that the ordinary person is apprised of exactly what is forbidden (People v. Glubo, 5 N Y 2d 461; Boyce Motor Lines v. United States, 342 U. S. 337); that penal statutes, which are mala prohibita must be strictly construed (People v. Smoke, 38 Misc 2d 939); and that as a general rule “ penal statutes are strictly construed against the party seeking their enforcement and in favor of the person being proceeded against.” (McKinney’s Cons. Laws of N. Y., Book 1, Statutes, § 271; Birdsall v. Lewis, 156 Misc 712, affd. 246 App. Div. 132, affd. 271 N. Y. 592; People v. Shakum, 251 N. Y. 107.)
From an examination of standard dictionaries (e.g., American College Dictionary; Funk and Wagnall’s New Standard Dictionary), as well as the comparable statutes (e.g., Penal Law, §§ 720, 722), we find the word “ disorderly ” to mean, as contrary to public order or morality, disreputable, or that which constitutes a nuisance. A licensed premises which is “ disorderly ”, is therefore one that violates public order or morality, or constitutes a nuisance. (People ex rel. Fasone v. Arenella, 139 N. Y. S. 2d 186; State v. Reynolds, 243 Minn. 196; People v. Eckman, 63 Hun 209; People v. Monnier, 280 N. Y. 77.) Disorderly implies a breach of the peace (People v. Douglas, 29 N. Y. S. 2d 206; People v. Perry, 265 N. Y. 362; People v. Monnier, supra), or some violation of public morals.
It is clear, therefore, that unless the solicitations to buy drinks constituted a nuisance or were contrary to public order or morality, then the premises in question were not “ disorderly ” within the meaning of the statute. In such instance, the counts in the information do not allege the commission of any crime.
The People take a contrary view and cite Matter of Berlingieri v. Bruckman (256 App. Div. 994) and Menick v. Bruckman (279 N. Y. 795) as authorities for their position. Neither of these cases is in point. Both involve civil actions which upheld the State Liquor Authority in their administrative determinations in the former case to revoke and in the latter case to cancel *1096 liquor licenses for violations of subdivision 6 of section 106 of the Alcoholic Beverage Control Law. The State Liquor Authority has the power, by administrative proceedings, to revoke, cancel, or suspend liquor licenses or permits (Alcoholic Beverage Control Law, §§ 118, 119; Matter of Worth Rest. v. New York State Liq. Auth., 2 A D 2d 973; Matter of CAS-BAR v. New York State Liq. Auth., 283 App. Div. 1047). There is nothing implicit in such determination, however, that the licensee or permittee has committed any crime. (Alcoholic Beverage Control Law, §§ 2, 130.) Conversely, the dismissal of criminal charges against a licensee or permittee, does not preclude the State Liquor Authority from taking appropriate disciplinary action against him, albeit such action is subject to court review. (Matter of Katz’s Delicatessen v. O’Connell, 302 N. Y. 286; Matter of Lynch’s Bldrs. v. O’Connell, 303 N. Y. 408.)
The demurrer is allowed and the information is dismissed.