William Neil **TURNBULL**, Plaintiff,

v.

Josephine **BONKOWSKI** and Leonard King, Defendants.

No. F-20-66.

United States District Court
D. Alaska.

Oct. 25, 1967.

Mike Stepovich, Fairbanks, Alaska, for plaintiff.

Mary Alice Miller, Collins & Clasby, Fairbanks, Alaska, for defendants.

## MEMORANDUM OPINION

VON DER HEYDT, District Judge.

Plaintiff was injured during his minority. He brought this action for personal injuries on January 25, 1966, his twenty-first birthday. Defendants have moved for summary judgment, claiming that the action is barred by the applicable statute of limitations, which provides in part that:

No person may bring an action * * for any injury to the person * * * unless commenced within two years.[1] The statute was tolled during plaintiff's minority, *i. e.*, until he was nineteen years of age.[2] Computation of the applicable limitations period subsequent to the removal of the disability is to be made by excluding the first day and including the last.[3] As noted by plaintiff, this statutory computation is declaratory of the common law rule in Alaska.[4]

However, there exists a well recognized exception in the common law

---

1. Alaska Statutes, § 09.10.070.

2. Alaska Statutes, § 09.10.140.

3. Alaska Statutes, § 01.10.080. See United States v. Bell, 15 Alaska 401 (1955); Mahan v. Sparke, 10 Alaska 292 (1942); Lowe v. Hess, 10 Alaska 174 (1941).

4. Lowe v. Hess, supra note 3.

as to the computation of a person's age. This exception, briefly stated, is that "[a] year must be counted, not from the day of birth, but from the preceding day when limitation is figured." [5] Since the statute is declaratory of the common law rule, and not in derogation thereof, the exception pertains.[6] Consequently, the disability of plaintiff was removed on January 24, 1964, the day prior to plaintiff's nineteenth birthday. The limitation period thus expired on January 24, 1966, the day before the case was filed.[7]

Since suit was not commenced within the applicable statute of limitations period, the motion for summary judgment is granted. Defendants' counsel may prepare an appropriate form of judgment.

---

5. Taylor v. Aetna Life Ins. Co., 49 F. Supp. 990 (N.D.Texas 1943). See People v. Stevenson, 41 Misc.2d 542, 245 N.Y.S. 2d 161 (1963).

6. See Nelson v. Sandkamp, 227 Minn. 177, 34 N.W.2d 640, 5 A.L.R.2d 1136 (Minn. 1948).

7. See Beardsley v. Hill, 219 Or. 440, 348 P.2d 58 (1959).