Vincent D. Damiani, J.
In this article 78 proceeding the petitioner, a 16-year-old junior high school student seeks an order prohibiting the respondents Criminal Court of the City of New York and the District Attorney of Kings County from trying him on a charge of assault in the third degree made by a teacher on the ground that the said court is without jurisdiction and the proceeding against him must be originated in the Family Court.
This court makes no determination as to the facts and the District Attorney concedes that the issue involved is one of law. By way of background, it appears that the teacher, at the time involved, was in charge of the hallways monitor system and was attempting to enforce the school rules and regulations. Allegedly the petitioner used obscene and abusive language and when reprimanded assaulted the teacher. A criminal summons was obtained and served on the petitioner ordering him to appear in the Criminal Court to answer a charge of assault in the third degree. On the return day, after hearing both sides, the court denied petitioner’s applications for a dismissal of the summons *135 and that the matter be handled through the guidance procedures pursuant to section 3214 of the Education Law, and ordered that a complaint be drawn. The indorsement by the court on the original papers states: “ Transferred to Part 3. Def’t. 16 years old.”
The complaint against the petitioner alleges that the petitioner-defendant committed the crime of assault in the third degree in that the defendant, with intent to cause physical injury to another person, caused physical injury to a person, and in that “ the defendant did grab the complainant around the neck and that the defendant did then swing a heavy door check at deponent missing him with same. That said deponent was treated by his own doctor for injuries. ’ ’
The school authorities suspended the petitioner and scheduled a guidance conference. This was in accordance with section 3214 (subd. 6, par. b) of the Education Law and General Circular No. 16, 1965-1966 of the Board of Education. Special Circular No. 78, 1966-1967 issued by the Superintendent of Schools expressly states: “ Physical assaults against any teacher are not to be tolerated and shall result in the suspension of the pupil.” In any event, the application before this court deals with the matter of jurisdiction and not suspension. By an order made by a Justice of this court the respondents and the District Superintendent were stayed from taking any proceedings until the determination of this application.
The petitioner’s argument may be summarized as follows. A student who commits the crime of assault in the third degree on a teacher is disorderly; a disorderly minor is a school delinquent (Education Law, § 3214); a minor who commits assault in the third degree is a school delinquent; a school delinquent must be proceeded against in the Family Court (Education Law, § 3232); hence only the Family Court and not the Criminal Court has jurisdiction.
This court rejects that argument. Petitioner erroneously assumes that he is not and cannot be anything but a school delinquent. Petitioner gives no consideration to the factor of his age, the difference between school delinquency and the crime of assault in the third degree, and the lack of jurisdiction in the Family Court to try and determine a charge of assault in the third degree.
Part I of article 65 of the Education Law deals with compulsory education (§ 3205, subd. 3); school delinquency (§ 3214) and employment certificates (§ 3216 et seq.). A reading of section 3214 discloses the legislative scheme. Subdivision 1 thereof provides that a “ school delinquent ” is “ a minor under seven *136 teen years of age, required by any of the provisions of part one of this article to attend upon instruction, who is a habitual truant from such instruction or is irregular in such attendance or insubordinate or disorderly during such attendance (Emphasis supplied.) Subdivision 5 provides for a hearing to determine, with the consent of the person in parental relation, whether he shall attend a special day school or be confined in a parental school. It is at this point that the statute provides for court procedures if a person in parental relation refuses to consent or if, in effect, such person has no control over the school delinquent. Subdivision 1 of section 3232 (formerly § 3227) provides, and this is the section relied upon by the petitioner: “ Courts of special sessions and magistrates’ courts shall have concurrent jurisdiction with family courts to hear, try and determine charges of violation of the provisions of part one of this article, within their respective jurisdiction. * * * In the city of New York family courts shall have exclusive original jurisdiction in such proceedings. Notwithstanding other provisions of law, family courts shall have jurisdiction, for the purposes of part one of this article, of minors under the age of eighteen. ’ ’ (Emphasis supplied.)
The statute further provides for the suspension of a minor who is insubordinate or disorderly, but in such case immediate steps must be taken for his commitment or for his attendance upon instruction elsewhere. Obviously it was the intent of the Legislature to give the Family Court jurisdiction to enforce the provisions of part I of article -65 with respect to “ school delinquents ”; otherwise the school authorities would have no tribunal to enforce their determinations.
The Family Court is one of limited jurisdiction, its jurisdiction being limited by the New York Constitution (Matter of Burns v. Burns, 53 Misc 2d 484, 487). By constitutional amendment, the Family Court was created and granted jurisdiction over “ crimes and offenses by or against minors ”. (N. Y. Const., art. VI, § 7, subd. a; art. VI, § 13, subd. b.) The Legislature implemented the constitutional amendment by the passage of the Family Court Act effective September 1, 1962. Subdivision (a) of section 712 of the Family Court Act provides that: “ ‘ Juvenile delinquent’ means a person over seven and less than sixteen years of age who does any act which, if done by an adult, would constitute a crime.” (Emphasis supplied.) (See Matter of Anonymous, 26 A D 2d 673.) The age at the time of the commission of the delinquent act is controlling (§ 714). The petition in a delinquency proceeding must allege *137 that the respondent was a person under the age of 16 years (§ 731).
The petitioner in this proceeding is not a person under the age of 16 years, and cannot be a juvenile delinquent within the meaning of the statute. The Family Court is not a criminal court and section 3232 of the Education Law gives it jurisdiction only as to matters enumerated therein. (Matter of Wilson v. Family Ct., 46 Misc 2d 478.) It does not have jurisdiction to try a person 16 years of age charged with the crime of assault in the {¿bird degree (see People v. Stevenson, 41 Misc 2d 542). On the other hand, the Criminal Court of the City of New York has jurisdiction to hear and try all charges of misdemeanor and offenses of a grade less than misdemeanor (N. Y. City Grim. Ct. Act, i§ 31) and section 913-e of the Code of Criminal Procedure dealing with youthful offenders defines a youth as one who has reached 16 years or over, but has not reached 19 years. It is clear, therefore, that the Criminal Court has jurisdiction of a minor who commits a misdemeanor — assault in the third degree — and who has reached 16 years and is under 19 years.
The petitioner contends, however, that the Criminal Court has no jurisdiction over a 16-year-old school delinquent where the charge of assault in the third degree arose out of the same facts upon which the determination of school delinquency was made. That contention is without merit. There is a substantial difference between the conduct of a school delinquent as defined in section 3214 of the Education Law and an assault in the third degree as defined in section 120.00 of the Penal Law. The District Attorney points out that a school delinquent is one who is habitually truant, habitually insubordinate, or habitually disorderly, and that ‘1 disorderly ’ ’ has a recognized meaning in the law. “ Disorderly ” means such acts as are defined to be disorderly conduct (Penal Law, § 240.20) and harassment (Penal Law, § 240.25). Under the Education Law it also includes habitual misconduct and disruptive behavior in school as opposed to the standard of good conduct. 1 ‘ ‘ Misconduct ’ perhaps refers more particularly to demeanor within the walls of the institution or in connection with the ordinary activities of student life * * * But the implied stipulation of good conduct [is] variable in its meaning and incapable of precise definition as that term must always be * * * (Samson v. Trustees of Columbia Univ., 101 Misc. 146,150, affd. 181 App. Div. 936). ’ ’ (Matter of Carr v. St. John’s Univ., 17 A D 2d 632, 634.)
The purpose of section 3214 is to enable school authorities to maintain discipline in the school and to require students to abide *138 by rules and regulations. Without such authority the educational system would degenerate into chaos.
In contrast, assault in the third degree is a Class “A” misdemeanor (Penal Law, § 120.00) and is a crime (Penal Law, § 10.00, subd. 6).
It is defined in section 120.00 of our Penal Law, as follows:
“ A person is guilty of assault in the third degree when:
“ 1. With intent to cause physical injury to another person, he causes such injury to such person or to a third person; or
“ 2. He recklessly causes physical injury to another person; or
“ 3. With criminal negligence, he causes physical injury to another person by means of a deadly weapon or a dangerous instrument. ’ ’
Physical injury is defined as ‘ ‘ impairment of physical condition or substantial pain”. (Penal Law, § 10.00, subd. 9.) Assault in the third degree requires proof of certain specific elements to constitute the crime. In addition to the actual causation of physical injury there must be (1) an “ intent to cause physical injury ” or (2) “ recklessness ” or (3) “ criminal negligence ’ ’ coupled with the use of a ‘ ‘ deadly weapon or a dangerous instrument.” (Penal Law, § 120.00.)
It must be presumed that the Legislature was cognizant of the crimes defined in the Penal Law and the provisions of the Code of Criminal Procedure with respect to youthful offenders. With respect to punishment, the Legislature obviously regarded conduct constituting assault in the third degree as more serious than school delinquency. “ A single act may be an offense against two statutes ”. (Gavieres v. United States, 220 U. S. 338, 342.) It may be said that the charges against the petitioner of “ school delinquency ” in violation of section 3214 of the Education Law, and the charge of violation of section 120.00 of the Penal Law, “ although arising out of the same transaction, are nonetheless clearly independent and unrelated violations of different statutes * * * and triable only in courts possessing appropriate jurisdiction.” (Matter of Martinis v. Supreme Ct., 15 N Y 2d 240, 249.) This court cannot agree with petitioner’s argument that the Legislature contemplated that all forms of student misconduct, amounting to assault in the third degree occurring in the schools, be handled through school delinquency procedures.
Petitioner further urges that if the Legislature allows a unilateral prosecution by a teacher against a 16-year-old student for assault in the Criminal Court, without consultation with school authorities, it would defeat the purpose of section 3214 governing school delinquents and enable a teacher to disrupt a *139 child’s educational career. The simple answer to this contention is that the teacher is entitled to a safe environment and has the right to perform his duty without being assaulted by a student. It is the conduct of this 16-year-old petitioner and not that of the teacher, that may disrupt his educational career. “ Physical assaults against any teacher are not to be tolerated ”. (Special Circular No. 78, supra.)
Section 812 of the Family Court Act provides: “ The family court has exclusive original jurisdiction * * * over any proceeding concerning acts which would constitute disorderly conduct or an assault between spouses or between parent and child or between members of the same family or household.” There is no merit in petitioner’s contention that the Family Court has exclusive jurisdiction because an assault upon a teacher is a family offense, i.e., the teacher stands in the position of parens patriae. The section may not be so construed. An assault on a teacher is not a family or domestic quarrel. A teacher is not a member of the family or household of the student. Cases such as People v. Johnson (20 N Y 2d 220) (assault between spouses); People v. Keller (37 Misc 2d 122) (assault between mother-in-law and son-in-law), and People v. Harkins (49 Misc 2d 673) (assault between brothers-in-law) are clearly distinguishable.
Finally, petitioner urges that his argument in this proceeding is limited only to charge of assault in the third degree and concedes that if the assault resulted in serious physical injury — felonious assault — jurisdiction would lie in a court of general jurisdiction. In answer, the District Attorney aptly observes that “ as applied to the charge against petitioner now pending in the Criminal Court, this concession may be translated into an admission that if petitioner’s aim had been better and if he had struck the complainant with the ‘ heavy door check ’ and if he had caused serious physical injury to the complainant thereby, he would have been guilty of assault in the second degree. ’ ’ The Penal Law statutes apply to a person who is of the age of 16 years (Penal Law, '§ 30.00) and jurisdiction does not depend on the 11 happenstance of good or bad aim. ’ ’
Prohibition is an extraordinary remedy to be used only in clear-cut situations (Matter of Martinis v. Supreme Ct., 15 N Y 2d 240, 251). It lies only when the body or officer is about to act without or in excess of its or his jurisdiction (Matter of Murtagh v. Leibowitz, 303 N. Y. 311, 319). Apprehension of injury or anticipation of different treatment in another court is not enough to sustain the writ (People ex rel. Childs v. Extraordinary Trial Term, 228 N. Y. 463, 468). The rule was recently stated in Mat *140 ter of Schuyler v. State Univ. (31 A D 2d 273, 274): “ Prohibition is an extraordinary remedy designed to forbid the exercise of unauthorized power, whether it be an act devoid of or in excess of jurisdiction, and, not being favored by courts, it is never issued as a matter of right but only in sound discretion in clear-cut situations when there is no other remedy”. (See, also, cases cited therein.) Where it appears, as here, that the Criminal Court of the City of New York does have jurisdiction the writ of prohibition should be denied. The petitioner has an adequate remedy by way of appeal if there be a judgment of conviction. (Matter of Kenler v. Murtagh, 12 A D 2d 662; 8 Weinstein-Korn-Miller, N. Y. Prac., pars. 7801.07; 7801.09.)
Accordingly, the application is denied and the petition dismissed.