Harold H. Hymes, J.
The defendants are all charged with violating section 18-20 of the Code of Ordinances of the City of Utica, New York, in that they “ did remain at the T. R. Proctor Park in the City of Utica, after the closing of the park.” The *609 violations are alleged to have occurred after 10:00 p.m. in the city park.
The ordinance which .the defendants are alleged to have violated reads as follows: “Section 18-20. Hours of Operation of Parks. The public parks shall be open to the public daily from 8:00 a.m. to 10:00 p.m.”
This section, which appears in the code of ordinances, was derived from ordinance No. 325 of 1941, rule 15, 8-6-41; and ordinance No. 618 of 1962, section 17, 6-22-62. Limitation on the hours for use of the city parks was first created as a regulation of the Commission of Parks and Recreation. It was later adopted as an ordinance by the Common Council of the City of Utica, and was included in the code of ordinances.
The original ordinance upon which the section in the code of ordinances was based contains a punishment provision which is not adopted in the code. The ordinance of April 1, 1964, which adopted the new code of ordinances, repealed the prior ordinances concerning the regulations for use of city parks, so that the punishment provision did not survive that date. The punishment for a violation of the park ordinances, except where specifically otherwise provided, is therefore governed by section 4 of the ordinance of 1964, which provides for fine or imprisonment or both. There is no question that a violation of the section involved is penal in character.
The question arises whether a prohibition is set forth in section 18-20 of the code of ordinances sufficient to create a legal criminal offense.
A discussion of .the rules of construction of penal statutes is contained in Statutes (McKinney’s Cons. Laws of N. Y., Book 1, Statutes, §§ 271-276). It is generally accepted that penal statutes must be strictly construed (People v. Shakun, 251 N. Y. 107, 113; People v. Phyfe, 136 N. Y. 554). Strict construction applies as well to penal ordinances (People v. Smith, 63 Misc 2d 561). Such strict construction is particularly required if the violation is malum prohibitum, where criminal intent is not required (People v. Shakun, supra, p. 114; People v. Vetri, 309 N. Y. 401, 405). Citizens are entitled to “ unequivocal warning” that their intended act is criminal (People v. Phyfe, supra, p. 559). “Acts otherwise innocent and lawful do not become criminal unless there is a clear and positive expression of legislative intent to make them criminal”. (People v. Adamkiewicz, 298 N. Y. 176, 179.) Neither should words in a penal statute be so construed so as to make out a *610 crime by implication (People v. Bart’s Rest. Corp., 42 Misc 2d 1093, 1095).
The ordinance in question does not state whether it is unlawful to enter the parks after 10:00 p.m., or to remain in the parks after that hour. An examination of the other sections concerning the management of the parks reveals that most of them contain a prohibition against certain acts by citizens. But no such prohibition is contained in this section and no one is warned that to remain in the parks after 10:00 p.m. will be considered a violation of this section. This ordinance could be interpreted as merely a directive to park employees to close the parks at 10:00 p.m.
A situation analogous to the ease at bar was considered in People v. Phyfe (supra). There, the Legislature passed a law setting forth the number of hours that men could work on the railroad. A superintendent was indicted for allowing the men to work beyond the limits of the law. The court found (p. 559) that there were “no prohibitory words ” in the section and “no terms employed from which a prohibition can reasonably be inferred * * * We are not permitted to speculate as to the motive or design of the lawmakers or to search for a hidden meaning or an unexpressed purpose in the enactment.”
A more precise statement of prohibited conduct than is set forth in this ordinance is required in order to make the conduct of the defendants a criminal violation.
I therefore find that section 18-20 of the code of ordinances is legally insufficient and ineffective as a penal statute.
The informations charging violations of section 18-20 are dismissed.