Julian Hertz, J.
The defendant is charged with violating section B32-297.0 of the Administrative Code of the City of New York in that on November 2, 1974, he allegedly operated an unlicensed cabaret.
At the trial, the following relevant facts were established:
At 1:05 a.m. on November 2, 1974, an ensemble entertained in the subject establishment. The performing group consisted of three persons, one playing a banjo, one a guitar, and one a melódica.
The issuance of the summons was prompted by the fact that the person playing the melódica was observed to put it aside. She then began to sing solo, accompanied by the patrons.
The issue is, then, whether by temporarily abandoning the role of instrumentalist, the performer assumed a role so different as to subject the establishment to the license requirement.
Subdivision a of section B32-297.0 states as follows: "It shall be unlawful for any person to conduct, maintain or operate, or engage in the business of conducting, maintaining or operating, a public dance hall, cabaret or catering establishment unless the premises wherein the same is conducted, maintained or operated are licensed in the manner prescribed”.
Subdivision 3 of section B32-296.0 states the definition of cabaret as: "Any room, place or space * * * in which any musical entertainment, singing, dancing or other form of amusement is permitted in connection with the restaurant business”. It excludes from the definition the following: "eating or drinking places, which provide incidental musical entertainment, without dancing, either by mechanical devices, or by not more than three persons playing piano, organ, accordian or guitar or any stringed instrument or by not more than *213 one singer accompanied by himself or a person playing piano, organ, accordian, guitar or any stringed instrument’ (emphasis added).
There are two bases upon which the applicability of the exception may be questioned. First, the vocalist was accompanied by more than one individual and, second, the audience participated in the singing. Certainly, spontaneous audience participation is an inappropriate ground upon which to require licensing where it would not otherwise be required.
Guided by the concept that licensing requirements penal in nature* should be strictly construed against the party seeking their enforcement and in favor of the accused (People v Christensen, 19 AD2d 535; People v Zambino, 75 Misc 2d 608), and that vocalizing is a form of expression which should remain as unencumbered as possible absent specific legislative directions, this court declines to read this ordinance so as to deprive the defendant of the stated exception to the licensing provision solely on the ground that an instrumentalist sporadically employed her vocal ability. The People have not established that her basic employment as an instrumentalist was thereby compromised so as to justify a finding that the establishment must be licensed.
The defendant is found not guilty of violating section B32297.0 of the Administrative Code.

 A penal statute is one which inflicts a penalty for its violation. (McKinney’s Cons Laws of NY, Book 1, Statutes, § 273.)