OPINION OF THE COURT
William C. Brennan, J.
This is a motion by the defendant to dismiss the indictment on the grounds that the Supreme Court lacks jurisdiction and that the indictment is invalid.
It appears that the defendant, aged 14, was arrested for sodomy in the first degree on May 22, 1979. On May 25, 1979, a removal inquiry was held at the bench by a Criminal Court Judge. There is no transcript of this inquiry. The case was then removed to the Family Court without the consent of the People.
On May 29, 1979 the defendant was indicted for the crimes of sodomy in the first degree, etc., the same offenses for which he had been arrested.
The issue before the court is whether a juvenile offender can be indicted after his case has been removed to the Family Court by a Criminal Court Judge.
It is the opinion of the court that the recently decided Court of Appeals case Matter of Vega v Bell (47 NY2d 543) is dispositive of the issue. There the court held that a local criminal court hearing is not a jurisdictional prerequisite to indictment by a Grand Jury and thus there exists no bar to continuation of criminal proceedings commenced by Grand Jury indictment despite the failure to hold a removal hearing. In that case the Grand Jury indicted after the juvenile offender’s arraignment in the Criminal Court but before the removal hearing.
The court further held that the primary function of CPL *346 180.75 is to provide a prompt felony hearing, similar to that granted to an accused adult defendant (see CPL 180.10, subd 2). In both situations, the primary purpose of such a hearing and such a procedure is to determine whether there exists reasonable cause to hold a defendant in custody pending action by a Grand Jury.
The Court of Appeals cites with approval People ex rel. Hirschberg v Close (1 NY2d 258), in which the court held that "the Grand Jury had power to investigate and indict regardless of what had occurred before the magistrate and regardless of whether the magistrate had held or discharged the prisoner or still had the matter pending, or whether there had ever been such a preliminary hearing”.
It is the opinion of this court that the Grand Jury has the power to indict a juvenile offender after the case has been removed to the Family Court, just as it has the power to indict after a criminal court has dismissed a felony charge or reduced said charge to a misdemeanor.
Accordingly, the defendant’s motion to dismiss the indictment is denied.