OPINION OF THE COURT
Harvey W. Sherman, J.
The defendant, Michael Alouisa, is charged under indictment number 827-83, with one count of burglary in the third degree and one count of criminal mischief in the third degree.
He has moved this court, pursuant to CPL 180.75, for an order to remove the action to the Family Court, alleging the defendant to be an eligible juvenile. The moving affirmation asserts the following: (a) That the crime is alleged to have occurred on Wednesday, March 16,1983 at approximately 5:02 a.m.; (b) that the defendant was born on March 16, 1967 at or about 5:35 a.m., as indicated by an annexed birth certificate; (c) that “since the chronological *969 age of the defendant in County Court must be over the age of 16 years, there is a reasonable doubt that the defendant is under the jurisdiction of this Court.”
This court notes that the defendant’s application is defective in that the section of the CPL upon which the motion is made is not applicable to the situation. As stated in Matter of Vega v Bell (47 NY2d 543, 549): “Petitioner’s arguments are based on a misunderstanding of the nature and function of CPL 180.75. That section deals only with those accused juvenile offenders who have been arrested and are arraigned on a felony complaint prior to Grand Jury action. The primary function of the section is to provide a prompt felony hearing, similar to that granted to an accused adult defendant (see CPL 180.10, subd 2). In both situations, the primary purpose of such a hearing and such a procedure is to determine whether there exists reasonable cause to hold a defendant in custody pending action by a Grand Jury (see CPL 180.10, subd 1; Staff Comments to Proposed CPL 90.60; People v Jackson, 48 Misc 2d 1026, 1027-1028; Pitler, New York Criminal Practice Under the CPL, § 4.30). It is a preliminary proceeding at which a preliminary determination is made pending a decision by the Grand Jury as to whether there exists probable cause to indict.” (See, also, People v Nieves, 100 Misc 2d 345.)
Scattered throughout the CPL are several provisions whereby, at various stages in a criminal proceeding, a juvenile offender may be removed to the Family Court if it becomes apparent in a particular case that such treatment would be more appropriate than continuation of criminal prosecution (see CPL 180.75, 190.71, 210.43, 210.20, subd 5; 310.85, 330.25).
In spite of any determination as to the defendant’s age, he could not be found to be a “juvenile offender” under the circumstances of this case. A “juvenile offender” is defined in CPL 1.20 (subd 42) (as it applies to this defendant) as follows: “Juvenile offender” means * * * (2) a person fourteen or fifteen years old who is criminally responsible for acts constituting the crimes defined in * * * 140.30 (burglary in the first degree); subdivision one of section 140.25 (burglary in the second degree) * * * of the penal law”.
*970 The defendant has not been charged with any of the serious crimes of violence enumerated in the statute to permit prosecution of juveniles within the adult criminal justice system.
Therefore, the crux of the defendant’s application is not one of removal but of outright dismissal of the indictment since the court lacks jurisdiction over the person of the defendant. Assuming the defendant to be a person under the age of 16, and since he is not a juvenile offender as per the statute, any action taken in the County Court including the Grand Jury proceeding was null and void. The proper procedure would be a petition filed in the Family Court pursuant to section 731 of the Family Court Act alleging the defendant to be a juvenile delinquent. The position of the People remains one of opposition based on an interpretation of the defendant’s age to be 16 years old and as such he remains in the adult criminal justice system.
This court will exercise its discretion and treat the defendant’s application as one pursuant to CPL 210.20 (subd 1, par [h]), a motion to dismiss the indictment where “[tjhere exists some other jurisdictional or legal impediment to conviction of the defendant for the offense charged”. The court takes this action with the intent of resolving the issue swiftly and with a minimum of motion practice.
Until March 31, 1966, New York followed the common-law rule regarding the computation of age, and under common law, a person was deemed to attain a given age on the day preceding the anniversary of his birth (Matter of Snyder v Warren, 2 Cow 518; Phelan v Douglass, 11 How Prac 193; Matter of Bardol, 253 App Div 498, affd 278 NY 543; 1955 Opns Atty Gen 195; Aultman & Taylor Co. v Syme, 163 NY 54; Birdsall v Lewis, 246 App Div 132, affd 271 NY 592).
Matter of Bardol (164 Misc 907, mod 253 App Div 498, affd 278 NY 543, supra) provides a good example of the common-law rule. The testator therein created separate trusts for each of his five sons and provided that each should be paid one fourth of the principal thereof upon attaining the age of 25 years, one fourth at the age of 30, *971 one fourth at the age of 35, and one fourth at the age of 40. One son, Franklin, was born on November 24, 1911 and died on November 23,1936, the day before the anniversary of the day of his birth, leaving no children, but leaving as his distributees his widow and his mother. The Surrogate held that Franklin arrived at the age of 25 years and that his estate was entitled to the principal of one fourth of his trust.
Under the common-law rule, the instant defendant would most definitely have been considered an adult, having attained the age of 16 on March 15, 1983.
However, the common-law rule was negated by the Court of Appeals in 1966 in the case of People v Stevenson (23 AD2d 472, revd 17 NY2d 682). In that case a defendant committed a homicide on the day before his sixteenth birthday. Under the common-law rule he was already 16 years old and therefore he was tried as an adult. The Appellate Division affirmed, with Justice Christ dissenting. The Court of Appeals reversed based upon the dissenting Appellate Division opinion. For a more complete understanding of the principle involved, the opinion is quoted in its entirety (p 476).